**Clifton S. DAVIS, Plaintiff,**

v.

**Ernest M. TOWE et al., Defendants.**

**Civ. A. No. 73–448–N.**

United States District Court,
E. D. Virginia.

Aug. 9, 1974.

---

Lester V. Moore, Jr., Norfolk, Va., for plaintiff.

Robert D. Lucas, Jr., Norfolk, Va., for defendants.

## MEMORANDUM AND ORDER

WALTER E. HOFFMAN, District Judge.

Plaintiff alleges that the defendants, Norfolk police officers, violated his civil rights, protected by 42 U.S.C. §§ 1983 and 1985, by wrongfully arresting and detaining plaintiff. An action for false arrest and imprisonment, based on the same occurrence, has previously been brought in state court. Plaintiff prevailed in state court and obtained a judgment in the amount of $500.00, which has been paid.

The sole issue presented by defendants' motion for summary judgment is whether the prior state court adjudication will bar plaintiff from seeking relief under the federal statutes in the federal court.

The rule against splitting a cause of action is closely related to the doctrine of *res judicata*. As stated by the Supreme Court in 1877, a judgment on the merits "constitutes an absolute bar to a subsequent action. It is a finality as to the claim or demand in controversy, concluding parties and those in privity with them, not only as to every matter which was offered and received to sustain or defeat the claim or demand, but *as to any other admissible matter which might have been offered for that* purpose." Cromwell v. County of Sac, 94 U.S. 351, 352, 24 L.Ed. 195 (1877). (emphasis added)

As a matter of judicial economy and fairness to defendants, plaintiff is permitted only one opportunity to litigate *de novo* a single cause of action. He may not later relitigate the same cause of action under a different theory of recovery or by alleging different facts. Williamson v. Columbia Gas & Electric Co., 186 F.2d 464 (3 Cir. 1950); Estevez v. Nabers, 219 F.2d 321, 323 (5 Cir. 1955); see also Baltimore S. S. Co. v. Phillips, 274 U.S. 316, 47 S.Ct. 600, 71 L.Ed. 1069 (1927).

In the present case there is but a single cause of action despite the fact that recovery may be had under a variety of theories. The invasion of plaintiff's rights, whether it be labeled false arrest and false imprisonment or deprivation of constitutional rights protected by the Fourth and Sixth Amendments, is the same just as the injury occasioned by the invasion is the same. The same

primary rights have been infringed by the same wrongs, and the causes of action are thus the same. Baltimore S. S. Co. v. Phillips, *supra*.

The plaintiff having alleged operative facts which state a cause of action because he tells of defendant's misconduct and his own harm has had his day in court. He does not get another day after the first lawsuit is concluded by giving a different reason than he gave in the first for recovery of damages for the same invasion of his rights. The problem of his rights against the defendant based upon the alleged wrongful acts is fully before the court whether all the reasons for recovery were stated to the Court or not. Williamson v. Columbia Gas & Electric Corp., 186 F.2d 464, 469–470 (3 Cir. 1950), cert. denied 341 U.S. 921, 71 S.Ct. 743, 95 L.Ed. 1355 (1951).

Of course, if plaintiff could not present his § 1983 claim in the state court, the state proceeding might not be a bar to a subsequent federal proceeding on the federal claim, semble, Int. Rys. of Central America v. United Fruit Co., 373 F.2d 408 (2 Cir. 1967). But the state court has concurrent jurisdiction over civil rights claims, Long v. Dist. of Columbia, 152 U.S.App.D.C. 187, 469 F. 2d 927 (1972), Luker v. Nelson, 341 F. Supp. 111 (N.D.Ill.1972), and thus the civil rights claim could have been raised in the state proceeding.

The fact that one theory of recovery is based on federal law does not inhibit the application of *res judicata* and the rule against splitting causes of action. United States v. Temple, 299 F. 2d 30 (7 Cir. 1962); Norman Tobacco & Candy Co., Inc. v. Gillette Safety Razor Co., 295 F.2d 362 (5 Cir. 1961).[1]

Accordingly the motion for summary judgment on behalf of defendants is granted and this action is dismissed with taxable costs to be assessed against the plaintiff.

It is so ordered.

---

1. It is immaterial whether the federal rule against splitting causes of action or the state rule is applicable to this case, since both are similar. Compare the language in Gary Steel Products Corporation v. Kitchin, 197 Va. 471, 90 S.E.2d 120 (1955), with Williamson v. Columbia Gas & Electric Co., *supra*.