Harry T. Nusbaum, J.
Defendants, New York City Transit Authority, Gaspare Volpe and Allan Nelson, move for summary judgment dismissing the action brought against them by the plaintiffs, Benjamin Nieves and Samuel Nieves, on the ground of res judicata.
This action arose from an incident which occurred on December 30, 1973, when the plaintiffs allegedly were assaulted, falsely imprisoned and falsely arrested by the defendants Volpe and Nelson on the IND "E” train and in the 23rd Street IND station. The plaintiffs brought an action in the United States District Court, Southern District of New York, claiming deprivation of constitutional rights pursuant to the Federal Civil Rights Act (US Code, tit 42, § 1983). Included in the complaint were causes of action for damages arising out of the alleged assault. The Federal District Court Judge limited the trial to the issue of whether there was a violation of the Civil Rights Act, relegating all questions of damages arising out of the alleged assault for determination in the State court. Accordingly, the plaintiffs’ tort claims were dismissed without prejudice.
After trial, the jury in the United States District Court found that there had been no violation of the plaintiffs’ constitutional rights under the Civil Rights Act, and held for the defendants. The Judge accordingly approved the entry of a judgment dismissing the complaint.
The issue presented on this motion for summary judgment is whether the Federal District Court judgment on the claim brought under the applicable section of the Civil Rights Act is res judicata barring plaintiffs’ common-law causes of action in this proceeding.
*216 In the case of Neulist v County of Nassau (50 AD2d 803) decided in 1975, the Appellate Division allowed a common-law action for malicious prosecution to be brought in the State court contemporaneously with a Federal civil rights case in the Federal court based on the same facts, stating (p 803): "One of the purposes underlying the Federal Civil Rights Act (US Code, tit 42, § 1981 et seq.) was 'to provide a remedy in the federal courts supplementary to any remedy any State might have’
The Federal Civil Rights Act was enacted to protect citizens from the deprivation of their constitutional rights by State officials acting under color of State law. The rights protected by the Civil Rights Act are public ones, created or adopted by the Federal Constitution or by Congress (Howell v Cataldi, 464 F2d 272, 279). Torts, by comparison, violate private rights for which redress may be sought in the State courts. The right to relief under the Civil Rights Act is not predicated upon a breach of duty imposed by the law of torts (Howell, supra, pp 278, 279).
The supplementary and broad public right to relief under the Civil Rights Act must be considered distinct from any existing rights arising out of the common law. "The same set of facts may give rise to violations of both federal statute and the state common law, but the rights are not necessarily coterminous and the essential criteria are not necessarily the same”. (Martin v Duffie, 463 F2d 464, 467, emphasis added.)
Furthermore, the elements of proof required in a common-law action for assault, false imprisonment and false arrest differ greatly from the proof required in a case arising out of the Civil Rights Act. For example, proof of intent to commit a violation of the Civil Rights Act is not required, while proof of intent is required to make out the tort actions (see Restatement, Torts 2d, § 8A; § 21, subd [1], par [a]; § 35, subd [1], par [a]).
In an action brought under the Civil Rights Act two elements must be established by the plaintiff in order to make out a prima facie case: (1) The conduct complained of must have been by some person acting under color of State law; and (2) such conduct must have subjected the complainant to the deprivation of rights, privileges or immunities secured him by the Constitution of the United States (Basista v Weir, 340 F2d 74, 79).
In the case at bar the issues argued in the Federal court *217 and the verdict rendered were based on the elements of proof required to show a violation of section 1983 of the Civil Rights Act. Res judicata is not applicable here since the issues involved in the tort causes of action were not actually litigated in the Federal court, even though some of the proof offered may be identical.
The present case can be distinguished from Davis v Towe (379 F Supp 536), which is relied upon by the defendants. In Davis, the plaintiff’s claim was dismissed because the plaintiff failed to plead his claim under the Federal Civil Rights Act in a State proceeding where the State court had concurrent jurisdiction over such claims and then attempted to plead the claim in a subsequent Federal proceeding.
Here, in contrast to the Davis case, the plaintiffs pleaded all causes of action arising out of the occurrence in the Federal proceeding, but were unable to try or argue all the causes of action pleaded because of the action taken by the Judge presiding in the Federal court. His dismissal of the common-law causes of action without prejudice contemplated the present litigation. The Federal court’s refusal to take jurisdiction over the common-law causes of action herein pleaded cannot be equated with the failure to plead causes of action present in the Davis case.
For the reasons hereinabove stated, the determination in the Federal case cannot be found to be res judicata in the present proceeding. The motion is accordingly denied.