In the Matter of VICTOR DISTRIBUTING COMPANY, INC., Bankrupt.

Victor T. FAHRINGER, Jr., Plaintiff,

v.

Werner M. BOHNE, Werner M. Bohne and Associates, Inc., Ray Westlund, Jr., Frank G. Proie, Pittsburgh Sheetmetal, Inc., Norman F. Jones, Lima Register Company, Ernest L. Whetzel, Jr., Walter E. Campbell Company, Inc., and Harold P. Goldberg, Esquire, Defendants.

Bankruptcy No. 75–262–A.

United States Bankruptcy Court,
E. D. Virginia,
Alexandria Division.

May 11, 1981.

**244**

Harold A. Miller, Reston, Va., for Victor T. Fahringer, Jr.

Michael McGettigan, Alexandria, Va., Charles Lee Eisen, Washington, D.C., for Frank G. Proie and Pittsburgh Sheetmetal, Inc.

Gerald L. Kesten, Arlington, Va., for Werner M. Bohne and Werner M. Bohne & Associates, Inc.

Francis J. Pelland, Washington, D.C., for Ernest L. Whetzel, Jr. and Walter E. Campbell Co., Inc.

James M. Lewis, Alexandria, Va., for Lima Register Co. and Norman F. Jones.

Ray Westlund, Jr., pro se.

Robert C. Coleburn, Arlington, Va., for Harold P. Goldberg.

Roy B. Zimmerman, Alexandria, Va., trustee.

## MEMORANDUM OPINION

MARTIN V. B. BOSTETTER, Jr., Bankruptcy Judge.

The issues here arise from a complaint filed by the plaintiff, Victor T. Fahringer, Jr., in the United States District Court for the Eastern District of Virginia, transferred to this Court for further proceedings. The plaintiff raises allegations in his complaint that members of the Creditors' Committee for Victor Distributing Company, Inc. (Frank G. Proie—Pittsburgh Sheetmetal Company; Ernest L. Whetzel—Walter E. Campbell Company; Norman F. Jones— Lima Register Company; Werner M. Bohne—Werner M. Bohne & Associates, Inc.; Raymond Westlund), and Harold P. Goldberg, Esquire (the attorney for certain members of the Creditors' Committee and the Creditors' Committee), the defendants herein, committed numerous acts of misconduct during the course of prior bankruptcy proceedings.

The defendants' motion to dismiss or, in the alternative, for summary judgment brings the matters herein before the Court. The defendants, Proie and Pittsburgh Sheetmetal, submitted a memorandum of law in support of their motion. The remaining defendants have adopted this memorandum of law in support of their respective motions for summary judgment. The defendants take the position that the plaintiff's claims are barred by the doctrines of res judicata and collateral estoppel.

The circumstances surrounding the instant motions arise from events which transpired during the bankruptcy proceedings involving the debtor corporation, Victor Distributing Company, Inc. ("Victor Distributing"), which was then involved in a Chapter XI proceeding before this Court under the Bankruptcy Act. The Chapter XI proceeding was commenced on March 31, 1975. A Plan of Arrangement was filed with the Court on May 29, 1975, and was approved by the Court on December 30, 1975. Victor Distributing was adjudged a bankrupt on August 29, 1978. A receiver (later trustee) was appointed by the Court on even date to settle the debtor corporation's estate and distribute its assets. Subsequently, this Court presided over the sale of Victor Distributing's assets and retained jurisdiction to hear and determine continuing disputes among the trustee, the members of the Creditors' Committee and the plaintiff, Victor T. Fahringer, Jr. (former president and sole stockholder of Victor Distributing).

In determining whether the defendants' motion for summary judgment should be granted, the Court has considered the applicable principles of law. Under Rule 56(c) of

the Federal Rules of Civil Procedure, as made applicable in bankruptcy proceedings by Rule 756, Rules of Bankruptcy Procedure, summary judgment may properly be entered where there is no genuine issue as to any material fact and the movants are entitled to judgment as a matter of law. *See Phoenix Savings and Loan, Inc. v. The Aetna Casualty and Surety Company*, 381 F.2d 245, 249 (4th Cir. 1967).

The Court notes that the Fourth Circuit, in a line of cases, has strictly interpreted the law governing the use of summary judgment. *E.g., Stevens v. Howard D. Johnson Company*, 181 F.2d 390 (4th Cir. 1950). In fact, the Fourth Circuit has demonstrated a reluctance to affirm decisions based upon summary judgment. *Green v. Wells*, 329 F.Supp. 559, 561 (D.Md.1971).

■ The doctrine of res judicata may properly be raised in a motion to dismiss, *Thomas v. Consolidation Coal Company*, 381 F.2d 69 (4th Cir. 1967), *cert. denied*, 389 U.S. 1004, 88 S.Ct. 562, 19 L.Ed.2d 599 (1967) or, in the alternative, for summary judgment. *Smith v. United States*, 369 F.2d 49 (8th Cir. 1966). The party who desires to avail himself of a prior judgment has the initial burden of affirmatively proving each element of the res judicata and collateral estoppel defenses. *United States v. Truckee-Carson Irrigation District*, 71 F.R.D. 10 (D.Nev.1975).

■ In *Thomas v. Consolidation Coal Company, supra*, 380 F.2d at 79, the Fourth Circuit established the following four requirements which a party invoking the benefits of the doctrine of res judicata to bar a subsequent suit must meet:

"(1) The former judgment must have been both valid and final; (2) The cause of action asserted in the subsequent litigation must be the same cause of action as was asserted in the former litigation; (3) The former judgment must have been rendered on the merits; and (4) The parties to the former judgment must stand in such relationship to the parties to the subsequent actions as to entitle the latter to the benefits and subject them to the burdens of the prior litigation."

■ It is a well-established principle that res judicata bars relitigation "of all grounds for recovery . . . that were previously available to the parties regardless of whether they were asserted or determined in the prior proceeding."[1] *Brown v. Felsen*, 442 U.S. 127, 131, 99 S.Ct. 2205, 2209, 60 L.Ed.2d 767 (1979). Nor may a party "relitigate the same cause of action under a different theory of recovery or by alleging different facts." *Davis v. Towe*, 379 F.Supp. 536, 537 (E.D.Va.1974). It is clear that as long as a party might have litigated those issues and had them determined, within the issues as tendered by the earlier proceedings, or as an incident to the subject matter of the prior proceedings before this Court, the judgments reached therein must be considered conclusive. *Kriesel v. Berkshire Associates, Inc.*, 452 F.2d 491, 494 (4th Cir. 1971).

We next turn to the application of these principles of law to the facts in the case at bar.

■ With respect to the defendants' motion, it is contended that the allegations raised by the plaintiff were fully resolved by this Court in prior bankruptcy proceedings. In support of their contention, the defendants refer to three proceedings undertaken by the parties before this Court, to wit: a Petition for Clarifying Order, filed by the plaintiff on November 2, 1976, followed shortly thereafter with a Motion for Temporary Restraining Order and a Supplemental Petition; a Complaint and

---

1. Collateral estoppel, though related to res judicata, is a doctrine of more limited scope. Unlike res judicata, collateral estoppel may be applied only in those instances where the issues in question were actually and necessarily determined in the former action. Thus, a movant, who is desirous of invoking the doctrine of collateral estoppel, must establish that in the prior action "—(1) the same issue (2) was actually litigated and judicially determined, and (3) that the determination made of the issue in the prior action was essential to the judgment there rendered." *Azalea Drive-In Theatre, Incorporated v. Sargoy*, 394 F.Supp. 568, 573 (E.D.Va.1975).

Motion for Temporary Restraining Order, filed on August 29, 1978, seeking to enjoin the sale of Victor Distributing's assets; and a Complaint filed on October 18, 1978, by the defendant Werner M. Bohne & Associates, Inc., against the trustee, Roy B. Zimmerman, Esquire, seeking to obtain proceeds from the sale of Victor Distributing's assets.

The defendants assert that the issues raised in the plaintiff's Petition for Clarifying Order and ancillary pleadings were resolved by three orders of this Court entered on November 4, 1976; November 19, 1976; and on January 4, 1977. These orders granted the plaintiff relief on specific claims as asserted in said pleadings. The Order of January 4, 1977 did not grant relief with respect to other claims and dismissed those motions and petitions.[2]

The Court, in reviewing the Order of January 4, 1977 and the issues resolved therein (as raised by the referenced pleadings), is of the opinion that the findings made in this Order were fully determined on their merits.[3] The Court also finds that with respect to the Petition for Clarifying Order and the ancillary pleadings thereto, as resolved by the referenced orders of this Court, the movant in those proceedings is the same party as the plaintiff in the case at bar. The Court finds further that the defendants in the present case, with the exception of the defendant Goldberg, are the same parties as those parties in the prior bankruptcy proceedings. Accordingly, the Court holds that the claims raised in subparagraphs 12(d), (g) and (h) of Count Two[4]; Count Three; Count Four; paragraph 21 of Count Six and Count Seven by the plaintiff are essentially identical to the allegations raised in prior proceedings and, as such, are barred from being litigated further under the doctrine of res judicata. Summary judgment is granted as to these allegations. The aforesaid claims will be considered *seriatim*.

First, with respect to Count Two: Subparagraph 12(d) is dismissed as being barred by res judicata. The plaintiff alleges therein that the defendants deliberately breached agreements to pay certain obligations of Victor Distributing upon which he had incurred personal liability. The Court finds that this allegation was raised in the plaintiff's Petition for Clarifying Order and resolved in paragraph seven of this Court's Order of January 4, 1977. Inasmuch as paragraph two of the *ad damnum* relies upon this subparagraph, it too is dismissed.

Subparagraph 12(g) is dismissed as being barred by res judicata. The plaintiff alleges therein that the defendants deliberately and negligently violated Court directives by incurring in excess of $400,000.00 in new debts during the Chapter XI proceeding which exceeded the terms ordered by the Court. The Court finds that this allegation was raised in the plaintiff's Petition for Clarifying Order wherein he sought to raise

2. One commentator notes that "[a] judgment of dismissal which is intended to be and is a disposition on the merits of a claim is a final judgment on the merits." 1B *Moore's Federal Practice, Res Judicata and Related Doctrines*, ¶ 0.409[1] p. 1005 (1980). As stated in *Thomas v. Consolidation Coal Company, supra*, 380 F.2d at 80, "[a] dismissal of a cause of action may constitute a judgment on the merits depending upon the grounds upon which such dismissal is based." The *Thomas* court also determined that the application of res judicata is not prevented by the absence of a written opinion since the court has available to it "[t]he pleadings in the prior action . . . to show what matters were in fact litigated and determined in the prior litigation." *Id.*

3. One commentator suggests that for a judgment "on the merits" to bar relitigation under the doctrine of res judicata, "[i]t is sufficient that the status of the suit was such that the parties might have had their suit disposed of on the merits if they had presented all their evidence, and the court had properly understood the facts, and correctly applied the law to the facts." 8B Michie's Juris., *Former Adjudication or Res Judicata*, § 12 (1977 Repl.). Therefore, constructive as well as actual determination of the merits is sufficient.

4. The plaintiff may raise the allegations found in subparagraphs 12(a), (b) and (c) of Count Two but only as they relate to subparagraphs 12(f) and (i). Subparagraph 12(f) of Count Two, Count Eight, Count Nine and Count One will be considered *infra*. Subparagraph 12(e) of Count Two, alleging slander, was dismissed by the District Court.

the issue as to what was then described as a gradual and deliberate program of inventory build up and diversification which was to be combined with a program to liquidate dead inventory. The Court is of the opinion that the Order of January 4, 1977, at paragraph seven, effectively resolved this allegation.

██ Subparagraph 12(h) is dismissed. Although it does not appear that this particular issue (alleging that the defendants failed to file regular financial reports with the Court) was raised in prior proceedings, the Court does not believe that the plaintiff is the proper party to raise such an allegation inasmuch as he has not asserted any harm personal to him. Thus, the Court must conclude that the plaintiff has failed to state a claim upon which relief can be granted.

Court Three is dismissed as being barred by res judicata. The plaintiff alleges therein that steel shelving, valued at approximately $10,000.00 was wrongfully removed by the defendants Pittsburgh Sheetmetal and Proie from the premises of Victor Distributing. The Court finds that this allegation was raised in the plaintiff's Petition for Clarifying Order, wherein the plaintiff asserted that certain capital items were moved from the premises of Victor Distributing and transported to the Commonwealth of Pennsylvania without the Court's approval. The Court finds further that the plaintiff's allegation was resolved in paragraphs one and seven of this Court's Order of January 4, 1977.

Count Four, paragraph 16, raises allegations that the defendants Proie and Jones deliberately sought to prevent the successful rehabilitation of the debtor corporation and neglected their duties as members of the Board of Directors of the debtor corporation and of the Creditors' Committee. These claims are repetitious of the conclusory allegations made against all the defendants in subparagraphs 12(a) and (b) of Count Two. Accordingly, the allegations asserted in this portion of paragraph 16 may only be raised as to those issues not set out in subparagraphs 12(d), (g) and (h) of Count Two relating to actions allegedly undertaken by Proie, Jones and the other defendants as members of the Creditors' Committee.

The plaintiff, in paragraph 16 of this Count, also alleges that without Court approval Proie appointed Bohne as his proxy. The Court finds that this allegation, standing alone, does not constitute a claim upon which relief can be granted and, accordingly, this allegation too must be dismissed.

Paragraph 21 of Count Six is dismissed as being barred by res judicata. The plaintiff alleges that the defendants hired personnel in excess of that permitted by the Court, thereby depleting the resources of the debtor corporation. The Court finds that this allegation was raised in the plaintiff's Petition for Clarifying Order, wherein he asserted that the defendants engaged Bohne as a consultant and one, John Miklandric, as a Marketing Manager. The Court concludes that this allegation was resolved in paragraph seven of this Court's Order of January 4, 1977.

Count Seven is dismissed as being barred by res judicata. The plaintiff alleges that he was denied access to the books and records of Victor Distributing by the defendants who were then acting as directors of the debtor corporation. The Court finds that the plaintiff raised essentially the same allegation in his Petition for Clarifying Order and that this issue was resolved in paragraphs three and seven of this Court's Order of January 4, 1977.

The Court next turns to Count Eight (including subparagraph 12(f) of Count Two) of the plaintiff's complaint. The plaintiff asserts therein that but for various alleged fraudulent representations made by members of the Creditors' Committee and Werner M. Bohne & Associates, an accounts receivable financing agreement which was entered into by Victor Distributing with Werner M. Bohne & Associates would not have been executed. Also raised therein are allegations that an eventual sale of assets of Victor Distributing, with a putative value of $97,000.00, realized for the bankruptcy estate only $23,000.00. The

plaintiff contends that this sale yielded monies far below the true value of said assets and that but for the defendants' actions the sale could have yielded monies more closely reflecting the asserted value of the assets in question.[5]

The defendants contend that these issues were raised variously in pleadings by the plaintiff, to wit: a Complaint for Temporary, Preliminary and Permanent Injunctive Relief, filed on August 29, 1978; a Motion for Temporary Restraining Order, filed on August 29, 1978; and two affidavits sworn and subscribed to by the plaintiff and E. T. Buckhout (who, until August 8, 1978, was president of Victor Distributing) filed on even date. The defendants contend further that these issues were fully resolved on their merits by an Order entered by this Court on September 4, 1979. This Order approved a compromise in a proceeding then before the Court, *Werner M. Bohne & Associates, Inc. v. Roy B. Zimmerman*, Trustee in Bankruptcy (*In re Victor Distributing, Inc.*), No. 75–262–A (Bkrtcy.Ed.Va.A.D. September 4, 1979).

The defendants maintain that the plaintiff was a party, along with the trustee, in the *Bohne* suit. In support of this proposition, the defendants assert that the trustee, in refusing to turn over the proceeds from the aforementioned sale of assets, relied principally in his Answer upon the factual allegations made by the plaintiff in his affidavit of August 29, 1978. The defendants assert further that as the plaintiff affixed his signature to the Order Approving Compromise he, like the trustee, was subject to the benefits and burdens of the *Bohne* suit.

By way of rebuttal, the plaintiff rejects the defendants' assertion that he was in any way a party to the *Bohne* suit; nor does he acknowledge that he stood in privity with the trustee. Although the plaintiff does acknowledge that he endorsed and consented to the entry of the Order Approving Compromise, he did so in light of the caveat stated in the final "ORDERED" paragraph of said Order, wherein it is stated:

"ORDERED that the entry of this order is for the limited purpose of resolving the claim of Werner M. Bohne & Associates, Inc. set forth in its complaint filed herein on October 18, 1978, and the claims against Werner M. Bohne & Associates, Inc. *asserted by the Trustee in responsive pleadings filed hereto* ; and the entry of this order shall have no effect upon any matters not resolved by this action as may appear by and/or between Werner M. Bohne, Werner M. Bohne & Associates, Inc., the members of the Creditors' Committee, Victor T. Fahringer, Jr., and Victor Distributing Company, Inc." (Emphasis supplied.)

The plaintiff contends that as the Order contemplated further litigation between the parties, thus purportedly precluding a final decision on the merits, res judicata does not constitute a sound ground to bar the cause of action asserted in Count Eight (and subparagraph 12(f) of Count Two) of the Complaint.

Notwithstanding the plaintiff's reliance on the above-referenced "ORDERED" paragraph, a review of the Order and the pleadings based thereon as a whole reveals that the signatory parties (including the plaintiff) were bound by the issues resolved therein. The Court finds that the Order of Compromise entered by the Court on September 4, 1979 fully determined on their merits the operative facts stating the cause of action asserted by the plaintiff in the heretofore-described pleadings.[6]

Although the plaintiff properly notes the narrow scope given to the Order to Compromise by the final "ORDERED" paragraph therein, he incorrectly concludes that it is without res judicata effect in the case at

---

5. On October 17, 1978, this Court entered an Order directing the appointment of an appraiser and authorizing the trustee to advertise "the sale of the tangible personal property of [Victor Distributing] and public auction...." The Court later approved the sale of the inventory, accounts receivable, furniture and fixtures.

6. One authority states that "a judgment entered upon a settlement or compromise" shall be viewed as "a final determination and res judicata of the merits." 1B *Moore's Federal Practice, supra*, at ¶ 0.409[5] pp. 1026–27.

bar. It is clear that the referenced "OR-DERED" paragraph not only resolved the claim set forth in the Complaint filed by Werner M. Bohne & Associates, Inc. but also resolved the claims asserted by the trustee in responsive pleadings thereto. This includes the claims raised in the trustee's Answer in the *Bohne* suit. Therein, the trustee incorporated by reference the plaintiff's affidavit of August 29, 1978. Inasmuch as the trustee, in his Answer (including the plaintiff's affidavit), raised allegations which the plaintiff now asserts in the present case, such allegations are barred under the doctrine of res judicata from being relitigated before the Court to the extent this doctrine is available to the defendants.

Having reviewed the pleadings relied upon by the defendants, the Court must conclude that the defendants Proie, Whetzel, Jones and Westlund (as well as the corporate entities which they represent) were neither parties to the *Bohne* suit, nor in privity with parties to that action. Therefore, they may not rely upon the res judicata effect of the Order of Compromise. Accordingly, the motion raised by these defendants for summary judgment as to subparagraph 12(f) of Count Two and Count Eight is denied.

Similarly, the defendant Goldberg's reliance upon the res judicata effect of the Order of Compromise is not well founded inasmuch as he too was not a party to the *Bohne* suit. Nor can it be said he was in privity with a party to that action. Accordingly, to the extent that subparagraph 12(f) of Count Two raises a claim against him, his motion for summary judgment is denied.

With respect to the defendant Bohne, the Court finds that he was in privity with Werner M. Bohne and Associates in the *Bohne* suit. The Court finds further that the claims asserted against Werner M. Bohne & Associates which were resolved by the Order of Compromise are entitled to res judicata effect. Thus, the res judicata effect of this Order may be relied upon by Bohne too in the case at bar. Accordingly, the Court finds that the plaintiff may not

assert the allegations raised in subparagraph 12(f) of Count Two and Count Eight against Bohne individually or Werner M. Bohne & Associates. Further, paragraph four of the *ad damnum* seeking judgment in the amount of $75,000.00 (representing the lost value of Victor Distributing's inventory and other items allegedly sold for a reduced amount) is dismissed as to Bohne and Werner M. Bohne & Associates.

The Court next addresses the allegations raised against the defendant Goldberg. The plaintiff alleges that Goldberg's representation of him and subsequent representation of certain creditors of Victor Distributing and the Creditors' Committee constituted a conflict of interest and, additionally, in depriving him of legal representation, was a contributing factor in the failure of Victor Distributing's Chapter XI proceeding. Having reviewed the various pleadings relied upon by Goldberg in his motion for summary judgment, the Court concludes that no res judicata effect is applicable with respect to the claims asserted against him by the plaintiff in Count One.

With respect to the allegations raised against the defendant Goldberg in Count Two, the Court notes that Goldberg was never a member of the Creditors' Committee. Inasmuch as the allegations asserted in subparagraphs 12(b), (d), (g), (h) and (i) appear to relate to actions undertaken exclusively by the Creditors' Committee, the claims raised therein may not be asserted against Goldberg. In addition, to the extent that subparagraphs 12(a) and (c) relate to the aforesaid subparagraphs, they too are barred under the rubric of res judicata. As indicated earlier, to the extent that the allegations asserted in subparagraph 12(f) relate of actions allegedly undertaken by Goldberg, he may not rely upon the res judicata effect of the prior pleadings as raised by him.

We must next examine the motion made by the defendant Goldberg, to dismiss Count Nine of the Complaint, and paragraphs five, six, eight and nine of the *ad damnum*.

The plaintiff raises the issue of emotional distress in Count Nine, wherein he alleges that the defendants' actions caused the plaintiff "to suffer terrible humiliation, numerous indignities, and severe mental anguish." Goldberg contends that there is no cause of action in Virginia for humiliation, indignities and mental anguish unaccompanied by physical injury.

■ Notwithstanding Goldberg's contention, an action may be had for mental anguish and suffering in Virginia, even though unaccompanied by contemporaneous physical injuries, if the presence of willful, wanton and vindictive conduct can be established. *Soldinger v. United States*, 247 F.Supp. 559, 560 (E.D.Va.1965). The Supreme Court of Virginia in *Womack v. Eldridge*, 215 Va. 338, 210 S.E.2d 145, 148 (1974) stated that such an action may be asserted if the plaintiff establishes each of the following four elements:

"One, the wrongdoer's conduct was intentional or reckless. This element is satisfied where the wrongdoer had the specific purpose of inflicting emotional distress or where he intended his specific conduct and knew or should have known that emotional distress would likely result. Two, the conduct was outrageous and intolerable in that it offends against the generally accepted standards of decency and morality. This requirement is aimed at limiting frivolous suits and avoiding litigation in situations where only bad manners and mere hurt feelings are involved. Three, there was a causal connection between the wrongdoer's conduct and the emotional distress. Four, the emotional distress was severe."

The Court finds that as the presence or absence of the four criteria set forth in *Womack, supra,* is a question of fact, the plaintiff must be given an opportunity to establish each element at trial. Therefore, Goldberg's motion to dismiss Count Nine and paragraph six of the *ad damnum* is denied.

Goldberg next asserts that paragraph five of the *ad damnum*, seeking judgment against the defendants in the amount of $1 million for punitive damages, be dismissed. He contends that the Complaint contains no express allegation amounting to wanton, oppressive wrongdoing or of actions constituting "such malice, oppression, or wanton, willful or reckless conduct or criminal indifference to civil obligations affecting the rights of" the plaintiff. 5B Michie's Juris., *Damages*, § 66 (1976 Repl.).

■ The Court notes that a finding of compensatory damages in an action is a necessary predicate for punitive damages being awarded. *Evans v. Newport News Shipbuilding and Dry Dock Company*, 243 F.Supp. 1017 (E.D.Va.1965). The establishment of legal malice is sufficient for the recovery of compensatory damages.

The Supreme Court of Virginia in *Giant of Virginia, Incorporated v. Pigg*, 207 Va. 679, 152 S.E.2d 271, 277 (1967) held that a finding of actual or express malice is essential for a plaintiff to recover punitive damages. Furthermore, a plaintiff must provide evidence specifically addressing this issue. Thus, actual malice (unlike legal malice) " 'cannot be inferred from a showing of want of probable cause.' " The court stated further in *F. B. C. Stores, Inc. v. Duncan*, 214 Va. 246, 198 S.E.2d 595, 600 (1973) that while "legal malice inferred from circumstances is sufficient to support an award of compensatory damages ... an award of punitive damages can be supported only by proof of actual malice."

In *National Carloading Corporation v. Astro Van Lines, Inc.*, 593 F.2d 559, 565 (4th Cir. 1979), the Fourth Circuit, in construing the Virginia Supreme Court's decisions in *F. B. C. Stores, Inc. v. Duncan, supra,* and *Giant of Virginia, Incorporated v. Pigg, supra,* stated:

"We think the statement in *Giant of Virginia v. Pigg* ... [*supra*] ... that conduct which is in conscious disregard of the rights of others and is wanton and oppressive may be the equivalent of actual malice, is the Virginia rule, and that *F. B. C. Stores* distinguishes legal and actual malice but does not overrule *Giant*." (Citation omitted.)

The Court finds that under the "equivalency rule" enunciated in *National Carloading Corporation, supra,* whether the defendants acted in such conscious disregard of the plaintiff's rights as to constitute wanton and oppressive conduct is a question of fact which he should be given an opportunity to establish at trial. Accordingly, Goldberg's motion to dismiss paragraph five of the *ad damnum* is denied.

Goldberg's motion to dismiss paragraphs eight and nine of the *ad damnum* is granted inasmuch as the plaintiff, in a supplemental memorandum of law filed with the Court, apparently accedes to the former's motion to dismiss "that portion of the *ad damnum* seeking attorneys' fees and costs (except normal court costs associated with this cause)...."

The defendants' motions for summary judgment as to the remaining claims in the plaintiff's Complaint are hereby denied.