**136**

In the Matter of VICTOR DISTRIBUT-
ING COMPANY, INC., Bankrupt.

Victor T. FAHRINGER, Jr., Plaintiff,

v.

Werner M. BOHNE and Werner M. Bohne
and Associates, Inc. and Ray Westlund,
Jr. and Frank G. Proie and Pittsburgh
Sheetmetal, Inc. and Norman F. Jones
and Lima Register Company and Ernest
L. Whetzel, Jr. and Walter E. Campbell
Company, Inc. and Harold P. Goldberg,
Esquire, Defendants.

Bankruptcy No. 75–262–A.

United States Bankruptcy Court,
E. D. Virginia,
Alexandria Division.

Sept. 17, 1981.

Harold O. Miller, Reston, Va., for Victor T. Fahringer, Jr.

Michael McGettigan, Alexandria, Va., Charles Lee Eisen, Washington, D. C., for Frank G. Proie and Pittsburgh Sheetmetal, Inc.

Gerald L. Kesten, Arlington, Va., for Werner M. Bohne and Werner M. Bohne & Associates, Inc.

Francis J. Pelland, Washington, D. C., for Ernest L. Whetzel, Jr. and Walter E. Campbell Co., Inc.

James M. Lewis, Alexandria, Va., for Lima Register Co. and Norman F. Jones.

Ray Westlund, Jr., pro se.

Robert C. Coleburn, Arlington, Va., for Harold P. Goldberg.

Roy B. Zimmerman, Alexandria, Va., trustee.

## MEMORANDUM OPINION

MARTIN V. B. BOSTETTER, Jr., Bankruptcy Judge.

This matter came on for hearing upon motions brought by Victor T. Fahringer, Jr., as plaintiff, and Pittsburgh Sheetmetal Company, Inc., Frank G. Proie and other named defendants in *Victor T. Fahringer, Jr. v. Werner M. Bohne, et al.*, 11 B.R. 242 (Bkrtcy.E.D.Va.A.D.) for partial reconsideration of an Order and Memorandum Opinion entered by this Court on May 11, 1981. This Order granted partial summary judgment for the defendants in the above-styled adversary proceeding brought by Fahringer.

The defendants Pittsburgh Sheetmetal and Proie raised four specific issues regarding this Court's Order of May 11, 1981. These issues relate to the Court's denial of summary judgment with respect to the following counts of the Complaint: (1) Subparagraph 12(i) of Count Two; (2) Paragraphs 18 and 19 of Count Five; (3) Paragraph 22 of Count Six; and Subparagraph 12(f) of Count Two and Count Eight.[1] The efficacy of the Court's ruling on each of these issues will be discussed *seriatim*.

■ The defendants request that the Court reconsider its decision not to dismiss subparagraph 12(i) of Count Two. They note that the Court dismissed subparagraph 12(g) of Count Two wherein it was alleged that the defendants had improperly incurred $400,000.00 in new debts for the debtor corporation. The defendants assert that the Court's rationale for dismissing subparagraph 12(g) (*See Memorandum Opinion*, 11 B.R. at 246–47) should apply to subparagraph 12(i) as well, inasmuch as the

1. The defendants, Werner M. Bohne, Werner M. Bohne & Associates, Inc., Lima Register Company, Norman F. Jones, Walter E. Campbell Company, Inc., Ernest L. Whetzel, Jr., and Harold P. Goldberg, adopted the argument set forth by Pittsburgh Sheetmetal and Proie.

latter also alleges an improper inventory build-up. It should be noted that the defendants' position is superficially appealing and, in fact, was considered by the Court. However, the Court, based upon the record before it, was not convinced that Fahringer had had an opportunity to raise this issue at the earlier hearings inasmuch as the actions alluded to therein may have taken place after the entry of the January 4, 1977 Order which effectively resolved the allegations asserted in subparagraph 12(g). For this reason, the Court did not grant summary judgment with respect to subparagraph 12(i) as the prior proceedings relied upon were without res judicata effect.

With respect to paragraphs 18 and 19 of Count Five, the defendants correctly note that the issues of Fahringer's lost compensation and termination of employment raised therein were not addressed in the May 1981 Order. This was because the Court felt that the defendants' argument for dismissal was not conclusively established.

The defendants assert that the allegations raised in paragraph 18—that Fahringer's salary was erroneously reduced—was raised previously in the Petition for Clarifying Order [Exhibit A, p. 2, ¶ 4] where Fahringer sought to be compensated on the same basis as was in effect prior to July 1976. Additionally, the defendants note that in his Motion for Temporary Restraining Order [Exhibit A, p. 4, ¶ 3] Fahringer asserted that on November 4, 1976 the Creditors' Committee locked him out of his office, fired him and refused payment of his salary. The defendants urge that the Court's finding that "the order of January 4, 1977 and the issues resolved therein (as raised by the referenced pleadings) . . . effectively resolved" the allegations made by Fahringer in the Petition for Clarifying Order and ancillary pleadings. *Memorandum Opinion*, 11 B.R. at 246. Accordingly, the defendants contend that the allegations raised in paragraph 18 should be barred by res judicata.

■ Although the defendants' argument pertaining to the question of lost compensation raised in paragraph 18 is tenable, the Court felt that the status of this paragraph must be resolved in connection with paragraph 19 of Count Five. The Court is of the opinion that the issue of Fahringer's dismissal was not fully resolved by prior litigation inasmuch as the record is not entirely clear as to exactly when Fahringer's employment was actually and finally terminated in relation to the Court's entry of the January 4, 1977 Order. Furthermore, the record is equally unclear as to the reason for Fahringer's termination. Because of the uncertainties, the Court (in light of the Fourth Circuit's reluctance to affirm the dismissal of a proceeding by reason of summary judgment) determined that these issues could best be resolved at trial. It was on this basis too that the Court felt that the question of lost compensation asserted in paragraph 18 (and paragraph one of the *ad damnum*) not be dismissed in summary fashion.

■ The third issue raised by the defendants concerns the Court's denial of their motion for summary judgment with respect to paragraph 22 of Count Six (*See Memorandum Opinion*, 11 B.R. at 247 discussing paragraph 21 of Count Six). The defendants' motion for reconsideration of the Court's decision to deny the granting of summary judgment with regard to this paragraph is three-fold. First, the defendants contend that the allegation raised therein (that certain unauthorized representations were made by them to Edward Buckhout as an inducement to his acceptance of employment—as president—with Victor Distributing) fails to state a claim upon which relief can be granted. Second, the defendants contend that Fahringer is not a proper party to raise this issue. Third, the defendants argue that Fahringer had an opportunity to litigate the issue raised in paragraph 22 and have it determined as an incident to the subject matter of the earlier proceedings. The defendants rely upon this Court's statement that res judicata bars relitigation " 'of all grounds for recovery . . . that were previously available to the parties regardless of whether

they were asserted or determined in the prior proceeding.'" *Memorandum Opinion,* 11 B.R. at 245, *citing Brown v. Felsen,* 442 U.S. 127, 131, 99 S.Ct. 2205, 2209, 60 L.Ed.2d 767 (1979).

Notwithstanding these assertions, the Court remains of the opinion that the defendants' reliance on the January 4, 1977 Order [Exhibit B, p. 3, ¶ 1] (wherein the Creditors' Committee was prohibited from either selling corporate stock or non-inventory capital items of value of more than $1,000.00 without Court approval) is without merit inasmuch as this Order is not applicable to the allegations raised in paragraph 22. In addition, the Court determined that it was unclear whether Fahringer actually had knowledge of the alleged promise given to Buckhout during the course of the prior proceedings. Having determined that the defendants' allegations heretofore raised to be without merit, the Court feels that the resolution of this issue can best be had at trial.

The fourth issue addressed by the defendants relates to the Court's denial of their motions for summary judgment with respect to subparagraph 12(f) of Count Two and Count Eight. The allegations raised therein relate to allegedly fraudulent statements made by the defendants in connection with certain accounts receivable financing in March 1978. The Court determined that a consent order endorsed by Fahringer entered by this "Court on September 4, 1979 fully determined on their merits the operative facts stating the cause of action" in the above-referenced counts of the Complaint. 11 B.R. at 248. The Court determined further that in the present case such allegations were barred from being relitigated to the extent that the doctrine of res judicata was available to the defendants. The availability of this bar was limited to Werner M. Bohne & Associates and to Werner M. Bohne individually, however. The latter was included on the theory that he was in privity with the former.

Pittsburgh Sheetmetal and Proie argued in their Memorandum of Law that the remaining defendants too are in privity with the parties to the *Bohne* suit and, therefore, the subject allegations raised in that suit should be barred from being relitigated against them as well. In support of their position the argument is asserted that the Fourth Circuit's adoption of Restatement of Judgments, § 99 (1942) in *Thomas v. Consolidation Coal Company,* 380 F.2d 69, 86 (4th Cir. 1967) is applicable to the facts of the case at bar. The Restatement rule is as follows:

"A valid judgment on the merits and not based on a personal defense, in favor of a person charged with the commission of a tort or a breach of contract, bar a subsequent action by the plaintiff against another responsible for the conduct of such person if the action is based solely upon the existence of a tort or breach of contract by such person, whether or not the other person has a right of indemnity."

The Court is of the opinion that the defendants' reliance upon Restatement of Judgments, § 99 (1942), as adopted by the court in *Thomas*[2], is distinguishable from the facts in the case at bar. A review of Section 99 of the Restatement of Judgments reveals that it is applicable only to a person who is "derivatively liable defensively" and permits such a person "to use a judgment exonerating the person primarily liable." 1B *Moore's Federal Practice,* ¶ 0.412[3], p. 1821, n. 26.

It does not appear that the defendants may rely upon the above-stated section of the Restatement inasmuch as their alleged liability, if any, is not one of a derivative nature emanating from the putative primary liability of Werner M. Bohne & Associates and Werner M. Bohne in the *Bohne* suit. Rather, "[s]ince one joint tort-feasor

2. In a footnote, the *Thomas* court clearly intended that the effect of its adoption of the referenced section of the Restatement should be limited to that of a third party's derivative or secondary liability. Therein, the court stated that the "'exception to the requirement of mutuality is found [only] where the liability of the defendant in the later action is based solely upon the culpable act of another.'" 380 F.2d at 86, n. 26.

is not, on the basis of that relationship alone, bound by a judgment against another joint tort-feasor, the doctrine of mutuality precludes one joint tort-feasor from invoking the conclusive effect of a judgment exonerating another." Id. ¶ 0.412[4] at p. 1825.

During the course of the hearing on this matter, the defendants Lima Register Company and Norman F. Jones questioned the applicability of the mutuality doctrine in the light of the recent United States Supreme Court case *Parklane Hosiery Company v. Shore*, 439 U.S. 322, 99 S.Ct. 645, 58 L.Ed.2d 552 (1979)[3]. The Court in this case apparently expanded the scope of collateral estoppel by greatly reducing the mutuality requirement under which a party was prevented from using a prior judgment against another party unless both parties were bound by the same judgment. The *Shore* Court referred to its earlier decision in *Blonder-Tongue Laboratories, Inc. v. University of Illinois Foundation*, 402 U.S. 313, 91 S.Ct. 1434, 28 L.Ed.2d 788 (1971) wherein the mutuality requirement was abandoned in a patent case and stated that the broader issue raised in *Blonder-Tongue* "was 'whether it [was] any longer tenable to afford a litigant more than one full and fair opportunity for judicial resolution of the same issue.' " *Shore, supra*, 439 U.S. at 328, 99 S.Ct. at 650. In addition, the *Shore* Court observed that *Blonder-Tongue* "strongly suggested a negative answer to that question." *Id.*

"In any lawsuit where a defendant, because of the mutuality principle, is forced to present a complete defense on the merits to a claim *which the plaintiff has fully litigated and lost in a prior action*, there is an arguable misallocation of resources. . . . . Permitting repeated litigation of the same

issue as long as the supply of unrelated defendants holds out reflects either the aura of the gaming table or 'a lack of discipline and of disinterestedness on the part of the lower courts, hardly a worthy or wise basis for fashioning rules of procedure' . . . . [T]he requirement of determining whether the party against whom an estoppel is asserted had a full and fair opportunity to litigate is a most significant safeguard." (Emphasis added.) *Shore, supra*, 439 U.S. at 328, 99 S.Ct. at 650, *citing Blonder-Tongue, supra*, 402 U.S. at 329, 91 S.Ct. at 1443.

In the instant case, Lima Register Company and Jones rely upon the effect given to the September 4, 1979 Order rendered by this Court prohibiting Fahringer from pursuing the allegations raised in subparagraph 12(f) of Count Two and Count Eight against Werner M. Bohne and Werner M. Bohne & Associates. They contend that as the doctrine of mutuality of parties was greatly reduced in the *Shore* case, the remaining defendants too should have the benefit of the preclusive effect given to Bohne and his company.

Notwithstanding the diminution of the mutuality requirement in the context of the "defensive" use of collateral estoppel, the *Shore* Court, *supra*, 99 S.Ct. at 651, n. 15, stated that "differences in available procedures may sometimes justify not allowing a prior judgment to have estoppel effect in a subsequent action even between the same parties, or where defensive estoppel is asserted against a plaintiff who has litigated and lost."[4]

The Court is of the opinion that such circumstances are present in the case at bar. The Court has previously determined that the Order of September 4, 1979 was fully determinative of the facts presented

---

3. Professor Moore notes the trend in the federal courts is steadily moving away from the exacting requirements of mutuality advocated in his treatise. 1B *Moore's Federal Practice*, ¶ 0.412[1] n. 12 (1980–81 Supp.).

4. The Virginia Supreme Court in *Norfolk & Western Railway Company v. Bailey Lumber Company*, 221 Va. 638, 272 S.E.2d 217, 219 (1980), while recognizing the modern trend to

abrogate the mutuality rule either in part or in whole, determined that collateral estoppel requires mutuality. The court in this case found mutuality to be especially necessary when estoppel is used offensively. Thus, in Virginia "[t]he principle of mutuality . . . serves to keep the influence of the initial adjudication within proper bounds. . . ." *Id.* at 218.

and res judicata of the merits. The decision to invoke the doctrine of res judicata was predicated upon Fahringer's endorsement of the aforesaid order notwithstanding the narrow scope of this order. The Court found that the language therein was dispositive as to the allegations raised against Bohne and his company. *Memorandum Opinion*, 11 B.R. 248–49.

In arriving at this conclusion, the Court recognized the narrow scope given to the September 4, 1979 Order in view of the caveat stated in the final "ORDERED" paragraph relating to the remaining defendants (*i. e.*, other than Bohne and his company). The Court noted too that this Order was the result of a compromise between the named parties in the *Bohne* suit (Bohne's company as plaintiff and the debtor corporation's court-appointed trustee as defendant) to which Fahringer executed his endorsement. Thus, it cannot be said that Fahringer "lost" in the *Bohne* suit as a party litigant. In light of the circumstances heretofore stated, Fahringer must be given an opportunity to fully and fairly litigate the issues remaining before the Court, thereby precluding the actuation of the principle of collateral estoppel in favor of the defendants.

Having disposed of the motions for reconsideration brought on by the defendants in this proceeding, we next turn to Fahringer's motion for reconsideration. Fahringer requests that the Court reconsider its decision to dismiss paragraph 16 of Count Four, Count Eight (to the extent that the Court determined Werner M. Bohne to be in privity with his company) and subparagraph 12(a) of Count Two as to Harold Goldberg.

As stated in the *Memorandum Opinion*, 11 B.R. at 247, paragraph 16 of Count Four related to "allegations that the defendants Proie and Jones deliberately sought to prevent the successful rehabilitation of the debtor corporation and neglected their duties as members of the Board of Directors of the debtor corporation and of the Creditors' Committee." Fahringer also alleged therein that Proie appointed Werner M. Bohne as his proxy without Court ap-

proval and that such an appointment was improper.

The Court has previously determined that the allegations raised against Proie and Jones, pertaining to the neglect of their duties, were repetitious of the conclusory allegations made against all the defendants in subparagraphs 12(a) and (b) of Count Two. This being the case, the Court concluded that the referenced allegations in paragraph 16 of Count Four could "only be raised as to those issues not set out in subparagraphs 12(d), (g) and (h) of Count Two relating to actions allegedly undertaken by Proie, Jones and the other defendants...." *Memorandum Opinion*, 11 B.R. at 247.

Fahringer requests the Court to reconsider its finding that the allegations set forth in paragraph 16, standing alone, do not constitute a claim upon which relief can be granted. A review of the applicable portion of the Memorandum Opinion reveals that Fahringer has misconstrued the Court's ruling on this point. The portion of paragraph 16 which was dismissed concerned only Bohne's alleged appointment as a proxy for Proie. This was not the basis for dismissing the entire paragraph nor, in fact, were all the allegations raised in that paragraph dismissed.

Fahringer next requests the Court to clarify the effect of the factual allegations asserted against Proie and Jones to the extent such allegations may affect other counts of the Complaint. The Court intentionally left open the effect of its ruling on this issue for determination at trial. The Court is of the opinion that the relevance of the factual allegations set forth in paragraph 16, to the extent that they withstood the defendants' motions for summary judgment, are best suited for resolution in an adversary proceeding where the appropriate evidentiary standards may be applied.

Fahringer's assertion that the Court did not specifically consider the defendants' liability in their capacity as directors of the Victor Distributing Company, Inc. is without merit. It is clear that under

142

the rubric of res judicata "a party [may not] 'relitigate the same cause of action under a different theory of recovery or by alleging different facts.'" *Memorandum Opinion*, 11 B.R. at 245, *citing Davis v. Towe*, 379 F.Supp. 536, 537 (E.D.Va.1974). Fahringer certainly had an opportunity to allege misconduct on the defendants' part as members of the Board of Directors, as well as members of the Creditors' Committee, in the prior proceedings. Accordingly, Fahringer may not raise any allegation asserting a breach of fiduciary duty by the defendants as members of the Board of Directors to the extent such an allegation is incorporated into any portion of the Complaint which has been dismissed by the Court.

Fahringer next asserts that the Court's dismissal of Count Eight of the Complaint against Werner M. Bohne on the grounds that he was in privity with Werner M. Bohne & Associates was improper. His reasoning is based upon that portion of the final "ORDERED" paragraph (Order of September 4, 1979) which states that entry of the aforesaid "order shall have no effect upon any matters not resolved by this action as may appear by and/or between Werner M. Bohne. . . ." The Court finds this contention to be without merit as well.

The Court while recognizing the narrow scope of the September 4, 1979 Order (by virtue of the above-described final "ORDERED" paragraph) nevertheless determined that the language found therein was dispositive as to the allegations raised against Werner M. Bohne and Werner M. Bohne & Associates in Count Eight and subparagraph 12(f) of Count Two. The Court found that the aforesaid order fully "resolved the claim set forth in the Complaint filed by Werner M. Bohne & Associates, Inc. . . . [and] . . . resolved the claims asserted by the trustee in responsive pleadings thereto." [*i. e.*, the trustee's Answer and Fahringer's affidavit of August 29, 1978.] *Memorandum Opinion*, 11 B.R. at 249.

It should be noted that in the trustee's Answer, Exhibit D, at 5, the trustee raised

the affirmative defense that Werner M. Bohne was fully aware of Victor Distributing's allegedly poor financial condition and, yet, misrepresented the debtor corporation's status to Fahringer. The trustee explained "that Werner M. Bohne & Associates, Inc., and its agent" [presumably Bohne individually] committed actions of notorious misrepresentation.

Furthermore, Fahringer, in his affidavit of August 29, 1978 (Exhibit C at 11), acknowledged that Bohne, who acted as Chairman of the Creditors' Committee, owned Werner M. Bohne & Associates, Inc. It was in light of these facts that the Court determined that Bohne was in privity with Werner M. Bohne & Associates.

Fahringer also requests the Court to reconsider its decision dismissing subparagraph 12(a) of Count Two as to Harold Goldberg. In support of this position he contends that Goldberg's nonmembership in the Creditors' Committee is not pertinent to the issues presented in Count Two. Subparagraph 12(a) alleges that Goldberg "conceived and executed a program designed to prevent the successful financial rehabilitation of the Corporation and to prevent its return to . . . Fahringer. . . ." The Court barred subparagraphs 12(b), (d), (g), (h) and (i) on the grounds that Goldberg was not a member of the Creditors' Committee. Subparagraph 12(a) was dismissed *only* as it relates to the aforesaid subparagraphs. It was not dismissed as to subparagraph 12(f).

The Court remains of the opinion that subparagraph 12(a), being in essence a conclusory allegation, must find support in the remaining subparagraphs of Count Two and, accordingly, Goldberg's status as a nonmember of the Creditors' Committee was certainly pertinent to the proper application of the aforesaid subparagraph.

Having carefully examined the memoranda of law submitted by the parties to this proceeding and the argument heard at the hearing on the various motions for reconsideration, the Court is of the opinion that the aforesaid motions be denied.

An appropriate Order will enter.