Charles MASSENGILL, et ux. Plaintiffs-Appellants,

v.

Mildred SCOTT, et al. Defendants-Appellees.

Supreme Court of Tennessee, at Knoxville.

Oct. 13, 1987.

Peter Alliman, Knoxville, for plaintiffs-appellants.

James R. Farrar, Robert H. Watson, Jr., Knoxville, for defendants-appellees.

## OPINION

BROCK, Justice.

This is an action for damages on various theories of tort. The trial court granted the defendants' motion for summary judgment holding that a previous judgment of the United States District Court rendered on a jury verdict in favor of the defendants in an action for alleged violation of civil rights under 42 U.S.C. § 1983 constituted res judicata or collateral estoppel of the issues raised in this case, thereby supporting the defendants' motion for summary judgment.

The Court of Appeals sustained the judgment of the trial court, Judge Goddard dissenting. We granted application for permission to appeal and reverse the judgment of the Court of Appeals and the trial court.

On November 30, 1982 the plaintiffs filed a complaint in the U.S. District Court for the Eastern District of Tennessee, alleging that the defendants herein had deprived them of certain constitutional rights thereby entitling them to damages as provided by 42 U.S.C. § 1983. In that complaint the plaintiffs also alleged that the defendants' conduct also violated state law and amounted to tortious conduct of false arrest and imprisonment, malicious prosecution, abuse of process, assault and battery and outrageous conduct. The plaintiffs requested the Court to exercise its pendent jurisdiction over these state law claims. Although that request was timely raised by motion, it was denied by the District Judge and the case proceeded for trial on the Federal Section 1983 action.

At the close of the proof offered by the plaintiffs in Federal court the action of the plaintiff's wife, Beulah Massengill, was dismissed because there is no derivative cause of action allowed by 42 U.S.C. § 1983. The federal trial court also dismissed the actions against Dennis Trotter and other defendants not sued in this State action, and directed the remaining defendants to produce their proof. Eventually, the plaintiff Charles Massengill's case was submitted to the jury on the issue of whether or not the defendants, Scott and Johnson or either of them, had violated the plaintiff's civil rights as alleged. The jury returned a general verdict for the defendants.

The federal court declined to exercise its pendent jurisdiction over the alleged State law tort claims, resulting in a total dismissal of the federal court action.

On March 31, 1983 the plaintiffs timely filed in the State court a complaint against Mildred Scott, Richard Johnson, Dennis Trotter and Anderson County, Tennessee, alleging that the defendants Scott and Johnson were guilty of assault and battery, false arrest and imprisonment, malicious prosecution and outrageous conduct and that defendants Trotter and Anderson County were liable to the plaintiffs because their negligence proximately caused and contributed to the plaintiffs' injuries. The action against the county was later voluntarily dismissed.

The defendants remaining filed a motion for summary judgment claiming that this present action is barred by the doctrines of res judicata and collateral estoppel. In support of their motion the defendants filed a copy of the federal court complaint, and a copy of the judgment entered on a general verdict for the defendants in the federal court. The trial court held that the doctrines of res judicata and collateral estoppel were applicable and on that basis granted the defendants' motion for summary judgment.

As we have said so many times, a motion for summary judgment can be granted only when the pleadings, stipulations, and affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Rule 56.03, Tennessee Rules of Civil Procedure; *Phillips v. Pittsburg Consolidated Coal Company*, Tenn., 541 S.W.2d 411 (1976).

The doctrine of res judicata bars a second suit between the same parties or their privies on the same cause of action with respect to all issues which were or could have been litigated in the former suit. Collateral estoppel operates to bar a second suit between the same parties and their privies on a different cause of action only as to issues which were actually litigated and determined in the former suit. *See,* 22 Tennessee Jurisprudence, p. 112 and cases there cited.

Res judicata is not properly applicable in the case at bar because the cause of action in the state court is not the same as the cause of action in the United States District Court. The action in the federal court was based upon 42 U.S.C. § 1983 which provides:

> Every person who, under color of any statute, ordinance, regulation, custom or usage, of any state ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the constitution and laws, shall be liable to the party injured in an action at law, suit in equity or other proceeding for redress....

One purpose of that statute is to afford a right of action for damages to one who has been deprived of a right guaranteed by the Fourteenth Amendment to the U.S. Constitution by one acting under color of state law. A cause of action thus asserted is quite different from a cause of action based upon state law for damages resulting from such common law torts as false arrest and imprisonment, malicious prosecution, abuse of process, assault and battery and outrageous conduct. As Judge Goddard pointed out in his dissenting opinion in this case, the Supreme Court has delineated the distinction between a common law action for damages under state law and an action for damages under 42 U.S.C. § 1983 in *Baker v. McCollan,* 443 U.S. 137, 99 S.Ct. 2689, 61 L.Ed.2d 433

(1979). In that case Mr. Justice Rehnquist, speaking for the Court, pointed out that 42 U.S.C. § 1983 "imposes liability for violations of rights protected by the constitution, not for violations of duties of care arising out of tort law."

If the plaintiff were seeking in the action before us to assert a claim under 42 U.S.C. § 1983 [1] for deprivation of his constitutional rights under color of state law then, clearly, the doctrine of res judicata would bar this action because it has already been litigated and determined against the plaintiff in the federal court. But, that is not the action asserted by the plaintiff here. Here, he asserts no action under the United States Constitution or statutes but to recover damages at common law for tort. These tort claims were clearly not decided by the federal court judgment; the federal court, when asked to exercise jurisdiction over such claims under its pendent jurisdiction, expressly declined to do so.

Our conclusion that res judicata does not apply in this instance is supported by the decision in *Nieves v. New York City Transit Authority Company,* N.Y., 91 Misc.2d 214, 397 N.Y.S.2d 531 (1976) wherein the court said:

> 'The supplementary and broad public right to relief under the Civil Rights Act must be considered distinct from any existing right arising out of the common law. The same set of facts may give rise to violation of both federal statute and the state common law, but the rights are not necessarily coterminous and the essential criteria are not necessarily the same. Furthermore, the elements of proof required in a common law action for assault, false imprisonment and false arrest differ greatly from the proof required in a case arising out of the Civil Rights Act.'

Likewise, we hold that the defendants' claim of collateral estoppel is also without merit on this record.

The doctrine of collateral estoppel or estoppel by judgment is an extension of the principle of res judicata, and is generally

---

1. Prior to June 30, 1986, the courts of this state did not entertain jurisdiction of suits to enforce rights granted by 42 U.S.C., § 1983 and § 1985, *Chamberlain v. Brown,* 223 Tenn. 25, 442 S.W.2d 248 (1969). Our decision in *Poling v. Goins,* Tenn., 713 S.W.2d 305 (1986) overruled *Chamberlain* and recognized jurisdiction of our state courts to entertain such actions.

held to be applicable only when it affirmatively appears that the issue involved in the case under consideration has already been litigated in a prior suit between the same parties, even though based upon a different cause of action, if the determination of such issue in the former action was necessary to the judgment....

Res judicata bars a second suit between the same parties and their privies on the same cause of action as to all issues which were or could have been litigated in the former suit. Collateral estoppel operates to bar a second suit between the same parties and their privies on a different cause of action only as to issues which were actually litigated and determined in the former suit. To support a plea of res judicata, it must be shown that the judgment in the prior case was final and concluded the rights of the party against whom it is asserted. It is also necessary to show that both cases involved the same cause of action. To sustain a plea of collateral estoppel it must be shown, inter alia, that the issue sought to be concluded not only was litigated in the prior suit but was necessary to the judgment in that suit. 22 Tenn. Jurisprudence, pp. 111–12.

Because in the instant action the record does not disclose what issues were defined and submitted to the jury for their determination and since the jury's verdict was only a general verdict for the defendant, this record does not afford a basis for supporting a summary judgment for the defendant on the basis of collateral estoppel. We conclude that the Court of Appeals and the trial court have erred in granting a motion for summary judgment in this case and accordingly we reverse those judgments and remand this case to the trial court for further proceedings.

Costs incurred upon this appeal are taxed against the appellees.

HARBISON, C.J., and FONES, COOPER and DROWOTA, JJ., concur.