IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
December 10, 2001 Session

## STATE EX REL. MARGARET E. (ELROD) HOLTSINGER v. JACK W. ELROD

Appeal from the Chancery Court for Anderson County
No. 94CH2475     William E. Lantrip, Chancellor

### FILED JANUARY 17, 2002

### No. E2001-00257-COA-R3-CV

---

These parties were divorced in May 1996. Custody of their children was awarded to Wife. The oldest child, Catherine, DOB July 14, 1981, was mentally and physically afflicted. Support was awarded as the Guidelines direct. Father filed a petition to modify the judgment by eliminating the support requirement for Catherine, who reached her majority. The Chancellor held that the duty of support of the afflicted child was a continuing one. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

WILLIAM H. INMAN, SR. J., delivered the opinion of the court, in which HERSCHEL P. FRANKS and D. MICHAEL SWINEY, J.J., joined.

David A. Stuart, Clinton, Tennessee, for the appellant, Jack W. Elrod.

Paul G. Summers, Attorney General & Reporter; Kim Beals, Assistant Attorney General, for the appellee, Margaret (Elrod) Holtsinger.

### OPINION

The divorce judgment awarded custody of the children to Wife. It provided that Father would provide support pursuant to the Guideline's "as he agreed." No monetary amount was specified. One of the children, Catherine, was severely disabled, a fact not reflected in the judgment.

When Catherine reached her majority in July 1999, the appellant ceased his support of her and filed a petition to modify the judgment, alleging that a change of circumstances had occurred, *ipso facto*. Mother responded that since Catherine was severely incapacitated, the Father's duty of support was a continuing one. The Chancellor agreed, and dismissed the petition to modify. Father appeals and presents for review the issue, essentially, of whether his obligation to support Catherine is ongoing. Our review is *de novo* on the record, accompanied by the presumption that the judgment is correct unless the evidence otherwise preponderates. Rule 13(d) T.R.A.P.

The thrust of the appellant's argument is directed to the fact that Catherine was afflicted before her parents were divorced, and that the judgment should have reflected that fact with an appropriate finding and provision for support. Since the judgment was silent as to this issue, the evidence pertaining to modification should have been limited to the question of emancipation. Appellant insists that the issue of his continuing obligation to support an afflicted child should have been litigated at the divorce trial, and that the doctrine of *res judicata* bars the subsequent judgment.

Tenn. Code Ann. § 36-5-101(p)(2) requires (as did the common law) continuing support of a severely disabled child, subject to findings of the child's best interest and the obligors ability to pay. There is no serious contention that the child's best interest is not served by the requirement of financial support, and no issue is made of the ability of the appellant to provide such support. The doctrine of *res judicata* is not applicable to the facts of this case. *See, **Massengill v. Scott**, 738 S.W.2d 629 (Tenn. 1987).

Appellant complains of the award of attorney fees, alleging that no evidence was adduced to justify the award or the amount of it. In ***Kahn v. Kahn***, 756 S.W.2d 685 (Tenn. 1988) the Supreme Court held:

> No proof was presented with respect to the value of the services rendered wife in the instant case. During oral argument in the trial court, when wife's lawyer urged the court to award a reasonable attorney's fee the judge asked him to name an amount and his response was $20,000. During husband's lawyer's argument, which followed, no mention was made of the fee issue. At no time in the trial court, nor in this Court, has husband insisted that wife adduce proof on this issue.

> Obviously, the trial judge felt that the *pendente lite* proceedings which had been heard by him, the pre-trial briefs, depositions and the three day trial had sufficiently acquainted him with the factors we delineated in ***Connors*** to make a proper award of an attorney's fee without proof or opinions of other lawyers. When the trial judge did so, it was incumbent upon husband's lawyer to request a hearing if dissatisfied with the award, or convince the appellate courts that he was denied the opportunity to do so through no fault of his own.

The reasoning of the Supreme Court in ***Kahn*** applies with equal force in the case at Bar.

The judgment is affirmed at the costs of the appellant, Jack W. Elrod.

_____
WILLIAM H. INMAN, SENIOR JUDGE