IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON

May 17, 2005 Session
**PATRICIA HAZLERIG v. MILLINGTON TELEPHONE COMPANY, INC.**

**An Appeal from the Chancery Court for Shelby County**
**CH-00-1838-3    D. J. Alissandratos, Chancellor**

_____

**No. W2004-01657-COA-R3-CV - Filed August 26, 2005**

_____

This case involves the doctrine of *res judicata*. The plaintiff telephone customer paid a fee to the defendant telephone company to block calls to 900 numbers from being made from her phone. Despite this, charges for 900 calls continued to appear on the customer's bill. The customer disputed this, and the telephone company cut off her telephone service. The customer filed a claim against the telephone company in general sessions court for breach of contract and the telephone company filed a counterclaim for the unpaid charges for the 900 number calls. The general sessions court ruled in favor of the telephone company, and the customer appealed to the circuit court. The circuit court ruled in favor of the customer. The customer then filed a separate lawsuit against the telephone company in chancery court, seeking injunctive relief to require the telephone company to reinstate her telephone service. The telephone company answered, and later sought to amend its answer to plead the defense of *res judicata*. The chancery court refused to allow amendment of the answer to assert the defense. The chancery court then ruled in favor of the telephone customer. The telephone company appeals, asserting that the chancery court erred in not allowing amendment of its answer to assert the defense of *res judicata*. We affirm, finding that the principle of *res judicata* did not apply and the chancery court did not abuse its discretion in declining to permit amendment of the answer.

**Tenn. R. App. P. 3 Appeal as of Right; the Judgment of the Chancery Court is Affirmed**

HOLLY M. KIRBY, J., delivered the opinion of the Court, in which ALAN E. HIGHERS, J., AND DAVID R. FARMER, J., joined.

Paul E. Lewis, Millington, for appellant Millington Telephone Company, Inc.

Patricia Hazlerig, pro se, appellee.

**MEMORANDUM OPINION**[1]

Plaintiff/Appellee Patricia Hazlerig ("Hazlerig") was a customer of Defendant/Appellant Millington Telephone Company ("Millington Telephone") for many years. At some point, Hazlerig began receiving charges on her phone bill for calls to long distance 900 numbers for telephone calls that she allegedly did not place.[2] Hazlerig then paid Millington Telephone for a call blocking service that was purportedly designed to prevent these types of calls from being made from her telephone. Despite this, charges for calls to 900 numbers continued to appear on Hazlerig's telephone bill. Hazlerig disputed the charges and a disagreement arose between Hazlerig and Millington Telephone regarding who should pay for the disputed 900 number charges. Hazlerig paid her telephone bill except for the amounts for the calls to 900 numbers. As a result of the dispute, Millington Telephone cut off Hazlerig's telephone service.

In October 1997, Hazlerig filed a complaint in the General Sessions Court for Shelby County against Millington Telephone. The complaint alleged that Millington Telephone had breached its contract with Hazlerig for telephone services and that Millington Telephone violated the Tennessee Consumer Protection Act by misrepresenting its ability to block 900 calls to or from Hazlerig's telephone. The complaint sought incidental, consequential, actual, and punitive damages as well as reimbursement for the cost of replacement telephone services.

In November 1997, Millington Telephone filed a counter-complaint against Hazlerig in the General Sessions Court, seeking damages in the amount of $1,219.20, which represented the unpaid amount for calls to 900 telephone numbers that had been charged to Hazlerig's account. The complaint also asked for attorney's fees.

The General Sessions judge made in illegible entry on Hazlerig's complaint and ruled in favor of Millington Telephone on its counterclaim. Hazlerig appealed this decision to the Circuit Court. Though the record is not completely clear, it appears that the Circuit Court held a hearing on the matter on April 13, 2000. By order dated March 27, 2001, the Circuit Court held that Millington Telephone failed to carry its burden of proof in the cause and ruled in favor of Hazlerig.

After the Circuit Court hearing but before the Circuit Court order was entered, Hazlerig filed a separate lawsuit against Millington Telephone in the Shelby County Chancery Court. The complaint noted that Millington Telephone had sued Hazlerig in the Circuit Court for the unpaid amount of Hazlerig's bill, and asserted that Hazlerig had successfully defended the action. The complaint further alleged that Millington Telephone had withheld telephone services from Hazlerig

---

[1] This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

[2] The record does not state the nature of the 900 number calls; however, they are generally understood to be sexually explicit.

for a period of five years even though Hazlerig was willing to pay for telephone services. Hazlerig contended that she lived in an area in which there was frequently no cell phone reception, and that Millington Telephone had a monopoly in her area for land-line telephone services, leaving her with no available telephone service. Hazlerig asserted that she had had medical difficulties and family crises, and that the withholding of land-line telephone services had caused her great hardship and resulted in damages from worry and anxiety. Hazlerig asked the Chancery Court to enjoin Millington Telephone from continuing to withhold telephone services.

By consent order dated April 18, 2002, the Chancery Court referred the matter to a special master to make findings of fact, determine damages, if any, and to determine whether the court should issue injunctive relief.

The special master heard testimony from Hazlerig regarding the facts she alleged and the medical conditions she allegedly developed from worry and anxiety. The special master also directed Hazlerig to apply for telephone services from Millington Telephone and report back to him with the results. After doing so, Hazlerig reported that Millington Telephone, citing Hazlerig's credit history with them, required her to make a $100 deposit plus payment of the first month's service fee of $59.35 in order to reinstate her telephone service.

The special master issued his report on September 27, 2002. In it, the special master found that Hazlerig had not met her burden of proof regarding her medical claims or claims for lost wages. However, the special master found that Millington Telephone's requirement that Hazlerig put down a $100 deposit in order to restore telephone services was inequitable in light of the fact that Millington Telephone was partially at fault for Hazlerig's compromised credit history. The special master found that Hazlerig had suffered damages from Millington Telephone's actions in the amount of $500, which included Hazlerig's time in applying for telephone service with Millington Telephone, attending hearings, and paying the deposit. The special master determined that injunctive relief was not necessary because Millington Telephone had indicated that it was willing to reinstate Hazlerig's telephone service upon payment of the $100 deposit and the $59.35 fee for the first month's service.

The record does not include a transcript of the proceedings before the special master; however, Millington Telephone apparently argued the defense of *res judicata* to the special master, asserting that issues before him had already been litigated in the General Sessions lawsuit and appealed to the Circuit Court. In his report, the special master stated that "[s]ince the record of the General Sessions Court is unclear as to the outcome of [Hazlerig's] suit and the Circuit Court's order did not address [Hazlerig's] suit against the telephone company, the Special Master does not believe that res judicata can apply."

In October 2002, Millington Telephone filed a general exception to the report of the special master, without specifying its objections. In May 2003, Millington Telephone filed a motion to amend its original answer to the Chancery Court complaint in order to plead *res judicata* as a defense.

In April 2004, Millington Telephone filed an amended exception to the report of the special master in which Millington Telephone "specifically excepts to the Master's ruling denying *res judicata*." The amended exception notes that Millington Telephone "specifically accepts the amount of five hundred dollars ($500.00) damages as found by the Special Master, since the Special Master also stated in his report that since [Hazlerig] offered no proof of any lost wages or medical damages."

In May 2004, the Chancery Court conducted a hearing on the matter. At the hearing, Millington Telephone moved for a continuance, on the basis that its motion to amend to add the defense of *res judicata* had not yet been decided. The Chancellor then denied Millington Telephone's motion for a continuance and denied its motion to add *res judicata* as a defense. Then, based on the report of the special master dated December 27, 2002, the Chancery Court awarded Hazlerig $500 in compensatory damages and $7,625 in punitive damages, which represented 61 hours of attorney's fees at the rate of $125 per hour. The Chancery Court then assessed costs against Millington Telephone.

From this order, Millington Telephone now appeals, asserting that the trial erred in refusing to allow the amended defense of *res judicata*, and arguing that, based on *res judicata*, the Chancery Court lacked subject matter jurisdiction to consider Hazlerig's lawsuit.

Millington Telephone argues that the trial court erroneously refused to allow them to amend their answer to plead *res judicata*. The trial court's decision on whether to permit an amendment to the answer is reviewed under an abuse of discretion standard. **Smith v. Haley**, 2001 Tenn. App. LEXIS 136, at *14 (Tenn. Ct. App. March 2, 2001); **Bradley v. McLeod**, 984 S.W.2d 929, 933 (Tenn. Ct. App. 1998). However, Millington Telephone also asserts that, based on *res judicata*, the Chancery Court lacked subject matter jurisdiction to hear Hazlerig's lawsuit; whether the trial court lacked subject matter jurisdiction is a question of law, reviewed *de novo*. **Campbell v. Florida Steel Corp.**, 919 S.W.2d 26, 35 (Tenn. 1996). Millington Telephone asserts that under Rules 18.01 and 18.02 of the Tennessee Rules of Civil Procedure, all of Hazlerig's claims should have been brought together. *See* Tenn. R. Civ. Proc. 18.01, 18.02 (2004).

The Chancery Court order awarding a judgment to Hazlerig does not indicate the Chancery Court's reasoning, but merely states that "the motion for *res judicata* is not well-taken and is denied." On appeal, we consider first whether the doctrine of *res judicata* is applicable and would bar the Chancery Court from considering Hazlerig's claims.

"The doctrine of *res judicata* bars a second suit between the same parties or their privies on the same cause of action with respect to all issues which were or could have been litigated in the former suit." **Richardson v. Tennessee Board of Dentistry**, 913 S.W.2d 446, 459 (Tenn. 1995) (quoting **Massengill v. Scott**, 738 S.W.2d 629, 631 (Tenn. 1987)).

In the instant case, Hazlerig originally filed a claim in General Sessions Court against Millington Telephone for contract damages arising from her telephone service. This original claim

-4-

was in October 1997. The record does not indicate when Millington Telephone cut off Hazlerig's telephone service. In response to Hazlerig's General Sessions complaint, Millington Telephone filed a counter-claim against Hazlerig for monies allegedly owed on her telephone bill. This matter was appealed to Circuit Court and the Circuit Court ruled in favor of Hazlerig.

By September 2000, the Circuit Court had ruled in Hazlerig's favor but Hazlerig still had no phone service. As a result, Hazlerig filed suit against Millington Telephone again, this time asking the Chancery Court for injunctive relief to reinstate her telephone service. In the complaint filed in Chancery Court, Hazlerig alleged that she had been without phone services for a period of five years, that she had prevailed in the dispute with Millington Telephone in Circuit Court, and that Millington Telephone continued to refuse to reinstate her telephone services. Clearly, Hazlerig's complaint related to events that occurred after the completion of the prior lawsuit – Millington Telephone's continued refusal to provide her telephone services. Accordingly, we must conclude that Hazlerig's Chancery Court lawsuit was not barred under the principle of *res judicata*. As a result, the Chancery Court's refusal to allow the defense of *res judicata* was not error.

The decision of the trial court is affirmed. Costs of this appeal are taxed to Appellant, Millington Telephone Company, or its surety, for which execution may issue if necessary.


_____
                                         HOLLY M. KIRBY, JUDGE


_____