IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs November 2, 2009

## MICHAEL JOSEPH GRANT v. FOREPERSON FOR THE BRADLEY COUNTY GRAND JURY

**Appeal from the Chancery Court for Bradley County**
**No. 09-111      Jerri S. Bryant, Chancellor**

_____

### No. E2009-01450-COA-R3-CV  - FILED MARCH 11, 2010

_____

This appeal arises from the trial court's order overruling a pro se petition for writ of mandamus by the appellant.  In the petition, the appellant sought access to the grand jury for Bradley County to present evidence of purported wrongdoing by the investigating officer of his case.  The trial court denied the petition.  On a different basis, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court**
**Affirmed as Modified; Case Remanded**

JOHN W. MCCLARTY, J., delivered the opinion of the Court, in which HERSCHEL P. FRANKS, P.J., and CHARLES D. SUSANO, JR., J., joined.

Michael Joseph Grant, Tiptonville, Tennessee, pro se.

Joseph K. Byrd, Cleveland, Tennessee, for the appellee, Foreperson for the Bradley County Grand Jury.

**OPINION**

## I. BACKGROUND

During the May 2007 term of the Criminal Court for Bradley County, a grand jury issued indictments for the appellant, Michael Joseph Grant, for aggravated burglary and theft. Subsequently, Grant entered a plea of guilty and waived his right to an attorney, a trial by jury, and an appeal.  In October 2007,  the Criminal Court entered a judgment sentencing Grant to three years for theft over $1,000 and under $10,000 and four years for aggravated burglary.  The sentences were suspended and an order was entered placing Grant on

probation.

Three months later, Grant was found to have used "meth and marijuana," and accordingly, an order was entered revoking his probation. In March 2008, he began serving a sentence of four years with the Tennessee Department of Corrections.

That same month, Grant filed a pro se complaint in the United States District Court for the Eastern District of Tennessee alleging violations of his civil rights pursuant to 42 U.S.C. §1983. Detective Jimmy Smith, the investigating officer on Grant's case, was among the defendants named in the suit, and Grant raised the issue that Detective Smith had fabricated evidence. The complaint was dismissed in February 2009, as barred by the U.S. Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364 (1994).

The *Heck* decision holds that in order to recover damages for an allegedly unconstitutional conviction or sentence, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under §1983. *Id.* at 486-87, 114 S.Ct. at 2342. The *Heck* Court held that "when a state prisoner seeks damages in a §1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed . . . ." *Id.* The district court did not consider the merits of the issues raised in Grant's complaint because of the dismissal pursuant to *Heck*.

In June 2008, Grant filed a pro se petition for post-conviction relief. His petition asserted that "his pleas of guilty were involuntary and unknowing, that his confession was coerced, that the State failed to provide immunity to him, [and] that law enforcement personnel conspired to violate his right to due process . . . ." *Grant v. State*, No. E2008-02161-CCA-R3-PC, 2009 WL 4282032, at *1 (Tenn. Crim. App. Dec. 1, 2009). Without conducting a hearing, the post-conviction court dismissed the petition the following month. Grant filed an appeal with the Court of Criminal Appeals, who, in December 2009, determined that the post-conviction court erred in dismissing the petition without a hearing and remanded the matter for the appointment of counsel and an evidentiary hearing. *Id.*

In the meantime, in August 2008, Grant sent a letter in the "form of an application" to the Foreperson of the Bradley County Grand Jury. In the letter, Grant raised the issue that "a Bradley County Sheriff's Detective did in fact committ [sic] three felonies, one a class C,

while serving in an official capassity [sic] as a Sheriff's Office Detective." The Foreperson did not respond to the letter.

Subsequently, it appears Grant mailed another letter to "inquiry [sic] about [his] previous application to the Bradley County Grand Jury." In this letter, Grant stated that he has "conclusive proof that Bradley County Sheriff's Office Detective Jimmy Smith committed aggravated perjury . . . fabricated evidence . . . and official oppression." The Foreperson did not respond to the second letter.

On October 1, 2008, Grant filed a petition for writ of error coram nobis with the Criminal Court, wherein he alleged that during the grand jury review of the underlying charges against him, Detective Smith used deceptive methods to manufacture statements, committed aggravated perjury in order to gain an unlawful indictment, and committed perjury to raise the theft of property charge from a misdemeanor to a felony. In its answer, the State of Tennessee asserted:

> The petitioner alleges three (3) grounds for his Petition. The first suggest[s] that witnesses Ken & Lynn Croft would have testified different[ly] from a statement they gave to law enforcement. Clearly, this is a matter that would have been litigated had there been a trial and the witnesses called to testify. As this court well knows, a statement is hearsay and not evidence. If Mr. Grant insisted on his innocence these witnesses would have been subject to direct and cross-examination. By entering a plea of guilty, Mr. Grant waived his right to cross-examine witnesses.
>
> The second and third grounds suggest Detective Smith offered false testimony to the grand jury in order to obtain an indictment. To support this allegation the petitioner refers to documents that were a part of the officer's investigatory file. These documents were provided to the petitioner through normal Rule 16 Discovery Procedures. As this court knows, grand jury proceedings are secret and not recorded. Grand Juries are seldom offered actual physical evidence and never given a copy of an officer's investigatory file to review. The documents offered by the petitioner would not have been provided to the grand jury for review.
>
> Even so, any evidence regarding what was on the documents in question would have been hearsay. Thus at a trial on the merits of the case live witnesses would be necessary to testify to facts alleged on the documents. Again, these witnesses would have been subject to direct and cross-examination.

On December 10, 2008, again without the appointment of counsel or an evidentiary hearing, the Criminal Court entered an order dismissing the petition. Grant's subsequent appeal, No. E2009-003311-CCA-R3-PC, remains pending with the Court of Criminal Appeals.

On April 9, 2009, Grant petitioned the trial court to issue a writ of mandamus compelling the Bradley County Grand Jury Foreperson to inquire into his allegations against Detective Smith. Grant relies upon Tenn. Code Ann. §40-12-104(a), which provides that "[a]ny person having knowledge or proof of the commission of a public offense triable or indictable in the county may testify before the grand jury." *See Caldwell v. Lewis*, No. E2004-00772-CCA-R3-HC, 2005 WL 467156, at *2 (Tenn. Crim. App. Feb. 28, 2005).

Two months later, the trial court entered an order finding that the allegations raised in the petition were previously asserted in the Criminal Court, and were accordingly barred by the doctrine of res judicata. The trial court also found that any evidence complained of in the petition could have been challenged by Grant in the Criminal Court prior to his acceptance of the plea agreement.

Grant filed a timely notice of appeal.

## II. ISSUE PRESENTED

Grant contends that the trial court erred in denying his petition for writ of mandamus.

## III. STANDARD OF REVIEW

The trial court reviewed this matter without a jury. Review of the trial court's findings of fact is de novo accompanied by a presumption of correctness, unless the preponderance of the evidence is otherwise. *See* Tenn. R. App. P. 13(d). Review of the trial court's determinations regarding questions of law is de novo with no presumption of correctness. *See Staples v. CBL & Associates, Inc.*, 15 S.W.3d 83, 88 (Tenn. 2000); *Bain v. Wells*, 936 S.W.2d 618, 622 (Tenn. 1997).

A trial court's decision that a lawsuit is barred by principles of res judicata presents a question of law which this court reviews de novo. *In re Estate of Boote*, 198 S.W.3d 699, 719 (Tenn. Ct. App. 2005).

## IV. DISCUSSION

Generally, res judicata bars a second law suit between the same parties or their privies on the same cause of action with respect to all issues that were or could have been litigated in the former suit. *State v. Thompson*, 285 S.W.3d 840, 848 (Tenn. 2009) (citing *Massengill v. Scott*, 738 S.W.2d 629 (Tenn. 1987)). Collateral estoppel operates to bar a second suit between the same parties and their privies on a different cause of action only as to issues which were actually litigated and determined in the former suit. *Id.* As noted in *Thompson*,

> [i]n the context of a civil case, collateral estoppel (also known as issue preclusion) has been described as an extension of the doctrine of res judicata (also known as claim preclusion) and applicable only when "it affirmatively appears that the issue involved in the case under consideration has already been litigated in a prior suit between the same parties, even though based upon a different cause of action, if the determination of such issue in the former action was necessary to the judgment . . . ."

*Id.* (citing *Massengill*, 738 S.W.2d at 631-32). The trial court found that the allegations Grant sought to have presented before the grand jury were "the same allegations [brought] in the Criminal Court for Bradley County, Tennessee."

Grant concedes that he raised the very same issues in his 42 U.S.C. §1983 action filed in federal court and his petitions for post-conviction relief and for writ of error coram nobis filed with the Criminal Court.

In the post-conviction appeal, the Court of Criminal Appeals noted that Grant had checked boxes on a pre-printed form petition for post-conviction relief that

> his plea of guilty was involuntarily entered without his understanding of the nature and consequences of the plea and that his "[c]onviction was based on use of coerced confession[;] . . . on use of evidence gained pursuant to an unconstitutional search and seizure[;] . . . on use of evidence obtained pursuant to an unlawful arrest[;] . . . on a violation of the privilege against self-incrimination[;] . . . on the unconstitutional failure of the prosecution to disclose to [the Petitioner] evidence favorable to [the Petitioner]." Additionally, he asserted that he was denied "effective assistance of counsel," that he is in possession of [n]ewly discovered evidence," and that "[i]llegal evidence" exists. The Petitioner then made the handwritten claim, "true bill obtained by felonious actions of Detective Jimmy Smith -39-16-403 tampering/fabricating. . . ."

The appellate court concluded that the post-conviction court erred in dismissing the petition without a hearing and remanded the case for the appointment of counsel and an evidentiary hearing.

In light of the ruling by the Court of Criminal Appeals that Grant's post-conviction petition presents a colorable claim, we cannot find that the issues related to Detective Smith have been fully addressed. It is essential under collateral estoppel to demonstrate that the issue has been conclusively determined. *State v. Thompson,* 285 S.W.3d at 848. "The burden is on the party asserting collateral estoppel to demonstrate that a specific point at issue has been previously and finally decided." *Id.* We do not find that the State has met this burden.

Our ruling, however, does not entitle Grant to appear before the grand jury. The writ of mandamus is the proper remedy "where the proven facts show a clear and specific legal right to be enforced or a duty which ought to be and can be performed, and relator has no other specific or adequate remedy." *State ex rel. Ragsdale v. Sandefur*, 389 S.W.2d 266, 269 (Tenn. 1965) (citations omitted); *see State ex rel. Weaver v. Ayers*, 756 S.W.2d 217, 221 (Tenn. 1988). By its adoption of Professor Forrest G. Ferris's comments in *Extraordinary Legal Remedies*, § 194, the Tennessee Supreme Court provided:

> The distinction pertinent here is thus well stated in Ferris on *Extraordinary Legal Remedies* § 194: "The office of mandamus is to execute, not adjudicate. It does not ascertain or adjust mutual claims or rights between the parties. If the right be doubtful, it must be first established in some other form of action; mandamus will not lie to establish as well as enforce a claim of uncertain merit. It follows therefore that mandamus will not be granted where the right is doubtful.

*Peerless Constr. Co. v. Bass*, 14 S.W.2d 732, 732 (Tenn. 1932). The court in *Peerless* concluded:

> Mandamus is a summary remedy, extraordinary in its nature, and to be applied only when a right has been clearly established, so that there remains only a positive ministerial duty to be performed, and it will not lie when the necessity or propriety of acting is a matter of discretion. This is axiomatic and requires no citation of authority.

*Id.* at 733.

Further, it has long been settled in Tennessee that the granting of the writ of

mandamus, even when the right thereto is clear, lies in the sound discretion of the court. Where the court can see, upon a review of the whole case, that public interests will be prejudiced and hindered, the writ will be denied. The Tennessee Supreme Court has observed:

> It is well settled that "the courts have a discretion whether they will issue or refuse the writ, even where a prima facie right thereto is shown." "In exercising such discretion, the courts will consider all the circumstances, reviewing the whole case, with due regard to the consequence of its action." As was said by the supreme court of Mississippi . . . : "It is not in every case of clear legal right, and the absence of sufficient legal remedy, and where, therefore, mandamus is an appropriate remedy, that it will be issued. It is well settled by numerous decisions that a sound judicial discretion is to be used, and, where the circumstances make it unwise and inexpedient to allow this writ, to refuse it, when sought to enforce merely private right." The court then stated the embarrassing condition of that case, and added, "In view of these complications, and the evil consequences likely to arise, affecting public interests, we deem it proper to deny the remedy sought." . . . "The writ will usually be refused, notwithstanding a clear right is shown, if, by granting it, public interests would be seriously prejudiced, or public transactions hindered, or the rights of third parties interfered with injuriously."

*Harris v. State*, 34 S.W. 1017, 1022 (Tenn. 1896) (citations omitted).

At this time, Grant's specific and legal right cannot be established. A writ of mandamus is not warranted on this record. However, even if Grant could assert a clear and specific right to submit evidence to a grand jury panel, the trial court below properly denied issuing a writ of mandamus because it would manifestly prejudice public interest. As noted by the State in its brief, no doubt every defendant serving a sentence because of a conviction or plea has deep resentment toward the law enforcement officers who investigated their crimes. To require grand jury forepersons to convene panels and transport convicted defendants to raise any meritless allegations they please against law enforcement personnel would expend scarce resources and would establish a costly precedent clearly prejudicial to the public interest.

## V. CONCLUSION

The judgment of the trial court is affirmed as modified. Costs are assessed against the appellant, Michael Joseph Grant. The case is remanded, pursuant to applicable law, for

enforcement of the trial court's judgment and for collection of costs assessed below.

_____
JOHN W. McCLARTY, JUDGE