IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs June 8, 2012

ESTATE OF DEOLA MILLER, ET AL. V. JIM RICE

Appeal from the Chancery Court for Hickman County
No. 06332P     David Randall Kennedy, Chancellor

No. M2011-02152-COA-R3-CV - Filed August 24, 2012

Administrator of decedent's estate who was also the sole heir-at-law of decedent asserted claim of breach of fiduciary duty against conservator for decedent. Following a trial, the court held that the claim was barred by res judicata; estate and administrator appeal. We affirm the dismissal of the action.

Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed

RICHARD H. DINKINS, J., delivered the opinion of the court, in which FRANK G. CLEMENT, JR., and ANDY D. BENNETT, JJ., joined.

Nick T. Tooley, Clarksville, Tennessee, and Melanie Totty Cagle, Centerville, Tennessee, for the Appellant, Estate of Deola Miller and Maury Miller.

L. Bruce Peden, Columbia, Tennessee, for the Appellee, Jim Rice.

OPINION

This case arises out of the administration of the Estate of Deola Miller, who died on September 28, 2006. Prior to her passing, Ms. Miller was the ward in a conservatorship proceeding; Jim Rice, Defendant in the instant proceeding, was her Conservator. Upon Ms. Miller's passing, Mr. Rice filed a Petition for Letters of Administration, to which Maurice Miller, Ms. Miller's son and sole heir-at-law and the Plaintiff herein, objected. On May 7, 2007, the court entered an order appointing Mr. Miller as the Administrator of the Estate of Deola Miller.

The conservatorship proceeding was closed on January 10, 2007; on December 5, 2007, Mr. Rice filed a petition *pro se* in the probate proceeding seeking an award of post-conservator fees and expenses. Mr. Miller answered the petition and filed a counter-petition

alleging that, as conservator of Ms. Miller, Mr. Rice breached his fiduciary duty; Mr. Miller sought compensatory and punitive damages. Mr. Miller subsequently amended the counter-petition. Trial was held on March 7, 8 and 9, 2011, and on August 25 the court entered an order holding that the claims in the amended counter-petition were barred by collateral estoppel and res judicata; the court dismissed the counter-petition.

Mr. Miller appeals, stating the following issues for our review:

> I. Whether the trial court erred as a matter of law in finding that each Annual Accounting was a Final Judgment which was not subject to collateral attack.
> II. Whether the trial court erred in failing to determine that the Appellee fraudulently concealed his malfeasance and conversion of the ward's assets to benefit the appellee and his immediate family.
> III. Whether the trial court erred in failing to determine that the Appellee breached his fiduciary duties owed to the Ward and as prescribed by law.

DISCUSSION

Applications of collateral estoppel and res judicata present questions of law which we review *de novo* with no presumption of correctness. *Mullins v. State*, 294 S.W.3d 529, 535 (Tenn. 2009) (collateral estoppel); *In re Estate of Boote*, 198 S.W.3d 699, 719 (Tenn. Ct. App. 2005) (res judicata). We review the trial court's findings of fact *de novo*, accompanied by a presumption of correctness, unless the preponderance of the evidence is otherwise. *See* Tenn. R. App. P. 13(d).

A. Collateral Estoppel

The doctrine of collateral estoppel, or issue preclusion, is a defense to an action which bars the same parties to an earlier suit, and their privies, from relitigating issues that were litigated and determined in a prior suit. *Barnett v. Milan Seating Sys.*, 215 S.W.3d 828, 835 (Tenn. 2007). A party invoking the defense has the burden of proof of showing five elements: (1) that the issue to be precluded is identical to an issue decided in an earlier proceeding; (2) that the issue was actually raised, litigated and resolved in the earlier proceeding; (3) that the judgment in the earlier proceeding is final; (4) that the party against whom collateral estoppel is asserted was a party or in privy with a party to the proceeding; and (5) that the party had a full and fair opportunity to contest the issue now sought to be precluded. *Mullins*, 294 S.W. 3d at 535.

Mr. Miller acknowledges the elements of collateral estoppel and contends that the trial court determined that "each of the Annual accountings submitted by the Appellee constituted a 'final judgment' for collateral estoppel purposes and that, consequently, Mr. Miller's failure to appeal each of these orders immediately following its entry barred him from raising any objection to such orders in the instant action." He argues, therefore, that the propriety of the ruling "hinges on the correctness of its belief that an annual accounting in an ongoing Conservatorship should be deemed a Final Judgment."

As an initial matter, we do not agree with the premise of Mr. Miller's contention, i.e., that the trial court held that each of the accountings constituted a final judgment for collateral estoppel purposes. Rather, the court clearly and correctly determined that the final order closing the conservatorship was the relevant order for collateral estoppel purposes. Conservatorships are governed by Tenn. Code Ann. § 34-1-101, et seq. A conservator is required to file an accounting with the court annually, Tenn. Code Ann. § 34-1-111, which is reviewed by the clerk with report made to the judge. Tenn. Code Ann. § 34-1-131. There is nothing in the statutes governing conservatorships that indicates either that an annual accounting, when approved by the court, is "final" for purposes of appeal or that, once approved, an annual accounting cannot be revisited prior to the entry of the order closing the estate.

We have reviewed the findings in the court's order and agree that the requirements of collateral estoppel are met in this record. Neither the court's order nor the record support Mr. Miller's assertion that he was in any way precluded from raising any issue related to Mr. Rice's handling of the conservatorship at any time prior to the entry of the order closing the conservatorship. In its order, the trial court noted that, while Mr. Rice failed to make quarterly reports and to submit those to Mr. Miller, Mr. Rice made the annual accountings required by the statute and provided "limited notice" to Mr. Miller. The court also noted that "[n]o objections were ever filed by Maury Miller to any of the annual accountings or the final accounting" and that "[n]either an appeal, or a Rule 60 Motion was ever filed in the Conservatorship of Deola Miller . . . ."

B. Res Judicata

Res judicata is a claim preclusion doctrine. *Massengill v. Scott*, 738 S.W.2d 629, 631 (Tenn. 1987). Under the doctrine, a final judgment on the merits rendered by a court of competent jurisdiction concludes the rights of the parties and their privies. *Richardson v. Tenn. Bd. of Dentistry*, 913 S.W.2d 446, 459 (Tenn. 1995). The doctrine bars a subsequent action between the parties that involves the same claim or cause of action. *Id.* It prohibits multiple lawsuits with respect to issues which were or could have been litigated in the prior suit. *Massengill*, 738 S.W.2d at 631. Accordingly, res judicata applies not only to issues that

were raised and adjudicated in the prior lawsuit, but to "all claims and issues which were relevant and which could reasonably have been litigated in a prior action[.]" *Am. Nat'l Bank & Trust Co. of Chattanooga v. Clark*, 586 S.W.2d 825, 826 (Tenn. 1979). In order for the doctrine of res judicata to apply, the prior judgment must have been final and concluded the rights of the parties on the merits. *Richardson*, 913 S.W.2d at 459.

Mr. Miller's claim that Mr. Rice was guilty of fraudulent concealment related to Mr. Rice's hiring of his relatives as sitters for the ward and to his misclassification of the ward's residence which was sold, giving rise to a tax penalty; the court held that this claim was barred by res judicata. As with the issues which were barred by collateral estoppel, the facts asserted to give rise to the claim of fraudulent concealment existed during the pendency of the conservatorship, and the claim could have been raised in that proceeding; since it was not, Mr. Miller could not raise it in a separate proceeding.[1]

CONCLUSION

The court properly ruled that the issues and claim raised by Mr. Miller in the Amended counter-petition were barred by collateral estoppel and res judicata. The judgment dismissing the petition is, therefore, AFFIRMED.

_____
RICHARD H. DINKINS, JUDGE

---

[1] In this regard, the court noted that the guardian ad litem was aware that Mr. Rice employed his relatives as sitters and expressed no objection or reservation and that the court approved the sale of the residence in accordance with Tenn. Code Ann. § 34-1-116.