IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
October 8, 2013 Session

## BETTY L. GRAHAM v. LAKE PARK CONDO-SIGNAL VIEW

**Appeal from the Circuit Court for Hamilton County**
**Nos. 07C1084, 11C315    Hon. Jacqueline S. Bolton, Judge**

---

**No. E2011-02739-COA-R3-CV - Filed November 8, 2013**
**(Consolidated with E2012-00434-COA-R3-CV)**

---

This consolidated appeal concerns Plaintiff's ownership interest in condominium units. Plaintiff filed several complaints concerning the alleged mismanagement of her property. The complaints at issue in this case were dismissed by the trial court, which found that the applicable statute of limitations had passed and that several of Plaintiff's claims were barred by the doctrine of res judicata. Plaintiff appeals. We affirm the decision of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court**
**Affirmed; Case Remanded**

JOHN W. MCCLARTY, J., delivered the opinion of the court, in which D. MICHAEL SWINEY and THOMAS R. FRIERSON, II, JJ., joined.

Betty L. Graham, Jasper, Tennessee, Pro Se.

Carol M. Ballard and Bill W. Pemerton, Chattanooga, Tennessee, for the appellee, Lake Park Condo-Signal View.

## OPINION

## I. BACKGROUND

This appeal involves two complaints filed by Betty L. Graham ("Plaintiff") against Lake Park Condo-Signal View ("Defendant").[1]  We will discuss each complaint in turn.

---

[1]Plaintiff also named individual board members as defendants, who were dismissed by the trial court.

On October 24, 2006, Plaintiff filed the first complaint in General Sessions Court. After considering a motion to dismiss for failure to specify any allegations, the General Sessions Court allowed her to file an amended complaint. In the amended complaint, filed February 9, 2007, Plaintiff alleged ten claims of mismanagement concerning her ownership interest in several condominium units operated by Defendant. Defendant filed a motion for summary judgment, which the General Sessions Court granted as to eight of the ten claims because the applicable statute of limitations had passed. Approximately six months later, the remaining two claims were also dismissed. Plaintiff appealed to the Circuit Court, which granted partial summary judgment to Defendant on eight of the claims because her appeal of the dismissal was considered untimely. The Circuit Court considered the remaining two claims but ultimately dismissed them as well.

Plaintiff appealed to this court, which issued a memorandum opinion[2] reversing the grant of partial summary judgment on the eight claims but affirming the dismissal of the other two claims. *See Graham v. Bd. of Dir. Lake Park Condo-Signal View*, No. E2008-00606-COA-R3-CV, 2009 WL 152320 (Tenn. Ct. App. Jan. 22, 2009). In so holding, this court stated,

> Defendant argues that Plaintiff did not timely appeal the General Session Court's summary judgment as to the eight claims because Plaintiff did not appeal to Circuit Court within ten days of the entry of the order in General Sessions Court granting partial summary judgment. However, the grant of partial summary judgment was not a final order as there remained two claims still pending after the entry of that order. The ten days in which to appeal the order as to the eight claims did not begin to run until the remaining claims were dismissed and a final order entered. The appeal to the Circuit Court was filed within ten days of the General Session Court's dismissal of Plaintiff's last two claims. Given this, it was error to grant Defendant partial summary judgment on the basis that the eight claims were not appealed timely from the General Sessions Court. We, therefore, reverse the grant of partial summary judgment on the eight claims.

*Id.* at * 2.

---

[2]Rule 10 of the Rules of the Court of Appeals provides: "This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated 'MEMORANDUM OPINION,' shall not be published, and shall not be cited or relied on for any reason in any unrelated case."

Upon remand to the Circuit Court, Defendant renewed the motion for summary judgment based upon the applicable statute of limitations and the fact that Plaintiff had litigated the same issues in other complaints and counter-claims. The Circuit Court agreed and granted the motion for summary judgment, stating, in pertinent part.

> Plaintiff has filed suits in the instant action and in Circuit Court, Division I, Docket #11C315, Chancery Court's Counter-Claim in #08-0542, and another Chancery Counter-C[laim] in Docket #09-0592.
>
> Virtually all of the documents Plaintiff filed, either by original Petition or Counter-Petition, claim [breach] of contract, fraud and deceit, misleading practices, misappropriation of monies and unprofessional conduct. All of the claims alleged by [Plaintiff] have been fully litigated and decided by the various courts above-named with the exception of the Circuit Court cases.
>
> Based upon the foregoing, [Defendant's] Motion for Summary Judgment dismissing [Plaintiff's] complaints in Docket #07C1084 must be granted. There are no new claims that [Plaintiff] could not have asserted in any prior law suit. Thus her instant claims are barred by the doctrine of res judicata. The [c]ourt also grants this Motion for Summary Judgment in that the eight remaining claims [in this case] are all barred by the applicable statute of limitations set forth in [Tennessee Code Annotated section] 48-58-601.

(footnote omitted).

On February 25, 2011, Plaintiff filed the second complaint at issue in this case in Circuit Court. Plaintiff again alleged claims concerning mismanagement of her personal property. Defendant filed a motion for summary judgment, which was granted by the Circuit Court, holding that the claims were barred by the applicable statute of limitations and the doctrine of res judicata. This timely consolidated appeal of the dismissal of the two complaints followed.

## II. ISSUE

We consolidate and restate the issue raised on appeal by Plaintiff as follows:

Whether the trial court erred in granting the motions for summary judgment in favor of Defendant.

## III. STANDARD OF REVIEW

Summary judgment is appropriate where: (1) there is no genuine issue with regard to the material facts relevant to the claim or defense contained in the motion and (2) the moving party is entitled to judgment as a matter of law on the undisputed facts. Tenn. R. Civ. P. 56.04. A properly supported motion for summary judgment "must either (1) affirmatively negate an essential element of the nonmoving party's claim; or (2) show that the nonmoving party cannot prove an essential element of the claim at trial." *Hannan v. Alltel Publ'g. Co.*, 270 S.W.3d 1, 9 (Tenn. 2008), *superseded by statute*, 2011 Tenn. Pub. Acts ch. 498 §§ 1, 3 (codified at Tenn. Code Ann. § 20-16-101).[3] When the moving party has made a properly supported motion, the "burden of production then shifts to the nonmoving party to show that a genuine issue of material fact exists." *Id.* at 5; *see Robinson v. Omer*, 952 S.W.2d 423, 426 (Tenn. 1997); *Byrd v. Hall*, 847 S.W.2d 208, 215 (Tenn. 1993). The nonmoving party may not simply rest upon the pleadings but must offer proof by affidavits or other discovery materials to show that there is a genuine issue for trial. Tenn. R. Civ. P. 56.06. If the nonmoving party "does not so respond, summary judgment, if appropriate, shall be entered." Tenn. R. Civ. P. 56.06.

On appeal, this court reviews a trial court's grant of summary judgment de novo with no presumption of correctness. *See City of Tullahoma v. Bedford Cnty.*, 938 S.W.2d 408, 412 (Tenn. 1997). In reviewing the trial court's decision, we must view all of the evidence in the light most favorable to the nonmoving party and resolve all factual inferences in the nonmoving party's favor. *Luther v. Compton*, 5 S.W.3d 635, 639 (Tenn. 1999); *Muhlheim v. Knox. Cnty. Bd. of Educ.*, 2 S.W.3d 927, 929 (Tenn. 1999). If the undisputed facts support only one conclusion, then the court's summary judgment will be upheld because the moving party was entitled to judgment as a matter of law. *See White v. Lawrence*, 975 S.W.2d 525, 529 (Tenn. 1998); *McCall v. Wilder*, 913 S.W.2d 150, 153 (Tenn. 1995).

## IV. DISCUSSION

Plaintiff asserts that the trial court erred in dismissing her complaints. Defendant responds that the issues before this court are either barred by the doctrine of res judicata or the applicable statute of limitations. Defendant claims that Plaintiff has filed numerous complaints and a counter-claim in which she attempted to litigate the same issues to no avail. Plaintiff concedes that she attempted to litigate the same issues in several complaints that

---

[3]The Tennessee General Assembly legislatively reversed the Tennessee Supreme Court's holding in *Hannan*. *See* Tenn. Code Ann. § 20-16-101. The statute is applicable to cases filed on or after July 1, 2011. Thus, in this appeal, we will continue to apply the summary judgment standard set forth in *Hannan* because the complaints were filed prior to July 1, 2011.

were ultimately dismissed prior to this appeal. She argues that her prior complaints had been dismissed due to her inability to argue her case as a result of sickness. She claims that the same attorney that represented Defendant also worked for her insurance company that ultimately decided to cease coverage for her medications. She believes that the insurance company's decision to cease coverage was a blatant attempt to impede her ability to pursue and participate in ongoing litigation with Defendant.

Generally, res judicata bars a second suit between the same parties or their privies on the same cause of action with respect to all issues that were or could have been litigated in the former suit. *State v. Thompson*, 285 S.W.3d 840, 848 (Tenn. 2009) (citing *Massengill v. Scott*, 738 S.W.2d 629 (Tenn. 1987)). "In the context of a civil case, collateral estoppel (also known as issue preclusion) has been described as an extension of the doctrine of res judicata (also known as claim preclusion)." *Id.* (citing *Massengill*, 738 S.W.2d at 631-32). Collateral estoppel operates to bar a second suit between the same parties and their privies on a different cause of action only as to issues which were actually litigated and determined in the former suit. *Id.* The party invoking the doctrine of collateral estoppel must demonstrate that

> 1. [T]he issue sought to be precluded is identical to the issue decided in the earlier suit;
>
> 2. [T]he issue sought to be precluded was actually litigated and decided on the merits in the earlier suit;
>
> 3. [T]he judgment in the earlier suit has become final;
>
> 4. [T]he party against whom collateral estoppel is asserted was a party or is in privity with a party to the earlier suit;[4] and
>
> 5. [T]he party against whom collateral estoppel is asserted had a full and fair opportunity in the earlier suit to litigate the new issue now sought to be precluded.

*Beaty v. McGraw*, 15 S.W.3d 819, 824-25 (Tenn. Ct. App. 1998) (internal citations omitted).

Plaintiff acknowledges that the complaints at issue on appeal raise the same issues between the same parties or their privies that were decided and dispensed with in previous final judgments. However, she claims that she was never afforded a "full and fair opportunity" to litigate the issues because of her inability to obtain her prescription

---

[4]This element is somewhat misleading given Tennessee's doctrine of mutuality of estoppel.

medication as a result of defense attorney's interference, beginning in December 2006. *See id.* We sympathize with Plaintiff's difficulties. Prior to any alleged improper interference by defense counsel, all of Plaintiff's claims were not only barred by the doctrine of res judicata but were also barred by the applicable statute of limitations.

In Tennessee, the discovery rule "provides that a cause of action accrues and the statute of limitations begins to run when the plaintiff knows or in the exercise of reasonable care and diligence should know that an injury has been sustained as a result of wrongful or tortious conduct by the defendant." *Fahrner v. SW Mfg., Inc.*, 48 S.W.3d 141, 143 (Tenn. 2001) (citing *Kohl & Co. v. Dearborn & Ewing*, 977 S.W.2d 528, 532 (Tenn. 1998)). "[T]he discovery rule does not delay the accrual of a cause of action and the commencement of the statute of limitations until the plaintiff knows the full extent of the damages . . . or until the plaintiff knows the specific type of legal claim it has . . . ." *Redwing v. Catholic Bishop for Diocese of Memphis*, 363 S.W.3d 436, 459 (Tenn. 2012) (internal citations omitted). "The discovery rule is not intended to permit a plaintiff to delay filing suit until the discovery of all the facts that affect the merits of his or her claim." *Id.* (citation omitted).

Indeed, "the statute is tolled only during the period when the plaintiff has no knowledge at all that a wrong has occurred, and, as a reasonable person is not put on inquiry." *Hoffman v. Hosp. Affiliates, Inc.*, 652 S.W.2d 341, 344 (Tenn. 1983). If undisputed facts show "that no reasonable trier of fact could conclude that a plaintiff did not know, or in the exercise of reasonable care and diligence should not have known, that he or she was injured as a result of the defendant's wrongful conduct, Tennessee case law has established that judgment on the pleadings or dismissal of the complaint is appropriate." *See Schmank v. Sonic Auto., Inc.*, No. E2007-01857-COA-R3-CV, 2008 WL 2078076, at *3 (Tenn. Ct. App. May 16, 2008) (citations omitted). *See Shadrick v. Coker*, 963 S.W.2d 726, 733-34 (Tenn. 1998) ("'It is knowledge of facts sufficient to put a plaintiff on notice that an injury has been sustained which is crucial.'") (citation omitted); *Grindstaff v. Bowman*, No. E2007-001350-COA-R3-CV, 2008 WL 2219274, at *5 (Tenn. Ct. App. May 29, 2008) (noting that the statute of limitations was not tolled by the discovery rule because plaintiffs failed to use due diligence in investigating their case). In *Grindstaff*, this court explained:

> [P]laintiffs cannot simply wait for information regarding a potential defendant to come to them. They have a duty to investigate and discover pertinent facts through the exercise of reasonable care and due diligence. If their lack of knowledge was due to a lack of due diligence, they will not be allowed to plead ignorance and effectively extend the statute of limitations, by way of the discovery rule, simply because they later discovered "new" information that "they reasonable should have discovered" much earlier.

*Id.* at *6 (internal citation omitted).

"The choice of the correct statute of limitations is made by considering the gravamen of the complaint." *Redwing*, 363 S.W.3d at 457 (internal citation and quotation omitted). While Plaintiff attempted to characterize some of her claims as a breach of contract, the basis of her claims were tortious in nature, namely fraud and breach of fiduciary duty regarding her personal property. Thus, a three-year statute of limitations was applicable to her causes of action pursuant to Tennessee Code Annotated section 28-3-105. *See generally Vance v. Schulder*, 547 S.W.2d 927, 932 (Tenn. 1977). Plaintiff's complaints referenced mismanagement by the board of directors that continued for some time. The record reflects that at some point in 2002, Plaintiff became aware of some of these improprieties. Yet, Plaintiff waited until 2006 to begin filing her repetitive complaints. At that point, her claims were barred by the applicable statute of limitations. With these considerations in mind, we conclude that the trial court did not err in granting the motions for summary judgment.

## V. CONCLUSION

The judgment of the trial court is affirmed, and the case is remanded for such further proceedings as may be necessary. Costs of the appeal are taxed to the appellant, Betty L. Graham.

_____
JOHN W. McCLARTY, JUDGE